587, 588.   HARRIS *v.* THE STATE (two cases).

1. Where it appears, without contradiction, in the evidence, that the offense alleged to have been committed, if committed at all, occurred within two years prior to the filing of the accusation, an instruction that the State only has to prove that the transaction "happened two years prior to the date alleged in the accusation" was a harmless error.

2. Rules of evidence, especially addressed to the discretion of the court, are not appropriate subject-matter of instructions to the jury, but those given the jury in this case could not by any possibility be harmful to the plaintiff in error.

3. Where the jury has been properly and fully instructed with reference to the statement of the defendant, it is not necessary, in the absence of a written request, to contrast the statement with the evidence or to give in charge to the jury any theory dependent upon the statement alone. Nor is it error to instruct the jury to take the testimony and the law as given in charge and apply it to the testimony and decide whether or not they believe the defendant did commit the offense alleged against him.

4. The verdict is authorized by the evidence, and being approved by the trial judge, it will not be set aside for slight errors which could neither have induced nor have contributed to the finding of the jury.

Accusations of carrying concealed weapon, and of pointing pistol; from city court of Sylvester—Judge Park. June 12, 1907.

Argued July 18,—Decided July 25, 1907.

*Payton & Hay,* for plaintiff in error.

*J. H. Tipton, solicitor,* contra.

RUSSELL, J.   Ed Harris was arraigned in the city court of Sylvester, at the April term, 1907, upon two accusations, one charging him with the offense of carrying a concealed pistol, and the other charging him with the offense of pointing a pistol at another, both cases growing out of the same transaction. The two cases were tried together, and the jury returned a verdict of guilty in both cases. Harris thereupon filed his motion for new trial in both cases; and his motions being overruled, he brings writs of error to this court.

The plaintiff in error insists that it is not sufficiently shown by the evidence that the transaction testified to by the witness for the State was within the statute of limitations. This is the only assignment of error based upon the evidence; and we think it without merit, for the reason that while the witness could not be certain that the occurrence to which she was testifying was in the year 1905, still she swore positively that it was on the third Sunday in February of year before last. As the trial was had in 1907, and the accusation was preferred in 1906, the testimony was amply sufficient to show that the offense was committed within two years prior to the accusation. The remaining exceptions are all predicated upon alleged errors in the charge of the court.

The fourth, fifth, sixth, seventh, and eighth grounds of the motion all relate to the charge of the court on the subject of impeachment. Under repeated decisions of the Supreme Court, it would not have been erroneous for the court to have omitted altogether the charge upon this subject; at least, not such an error as would require a new trial. We find no error in the instructions as given to the jury upon this subject; and if a fuller charge was desired, it should have been requested. A brief recapitulation of these grounds convinces us that there was no error in the charge of the court on the subject of impeachment and the credibility of the witnesses that can, under any previous decision, be held to have been harmful to this defendant.

The fourth ground of the motion complains that the court erred in charging the jury that "it is the duty of the jury to make all the witnesses speak the truth, if that can be done, and not impute perjury to any witness." In view of the conflicts in the evidence of the prosecutrix, Margaret Caldwell, and the witness Tison, on the one hand, and J. C. Rogers, on the other, there is no merit in this exception.

In the fifth ground of his motion the defendant assigns the following charge of the court as error: "If there be a conflict between the testimony of witnesses, it is your duty to reconcile the conflicting testimony, and if this can not be done, then you are to give credit to those witnesses which, in your opinion from all circumstances of the case, are most entitled to credit, the jury being always the judges of the credibility of the witnesses." The plaintiff in error contends that this charge of the court was not authorized by the evidence; and further, that it put the jury to seeking a conflict; impressed the fact that the defendant had not brought witnesses to court to contradict the State's witnesses; and further, that the court, having attempted to give the jury the rules for determining the credibility of the witnesses, did not instruct them with that fullness and clearness required by law. In support of the last statement counsel cites the decision in *Rouse* v. *State,* ante, 184, 58 S. E. 416, that reference in the charge to subjects upon which, by law, no charge is necessary without request, requires that the jury be properly instructed on such subjects thus referred to. We think this charge is authorized by the evidence, and that it does not put the jury to seeking a conflict, because one already existed; nor does it, in any sense, contain any intimation, as contended by plaintiff in error, that defendant had not brought witnesses to court to contradict the State's witnesses. In so far as the decision in the *Rouse* case, supra, is concerned, the charge is not in conflict with the principle therein announced; because the only subject to which reference is made in the excerpt quoted is to the duty of the jury where there is a conflict in the evidence, and the rule in such event is fully and correctly given by the statement that it is the duty of the jury to reconcile any such conflict, if possible, and that if this can not be done, the credit is rather to be given to those witnesses which, in the opinion of the jury, are most entitled to credit. This is a very general and absolutely

harmless reference of the testimony to the jury, without any ref-
erence to any of the rules by which they should measure the credi-
bility of the witnesses.   The principle announced in the *Rouse* case
would have been violated if the court had referred to any one or
more of the circumstances by which the credibility of the witnesses
may be measured and in the same connection had omitted to men-
tion other circumstances usually referred to the jury to be used
by them in weighing the testimony.   For instance, if the court
had called the attention of the jury to the fact that they might
consider the witnesses' manner of testifying, their intelligence,
their means and opportunities of knowing the facts as to which
they testified, and the nature of the facts to which they testified,
it would have been error not also to have called the attention of
the jury to the fact that they should consider the probability or
improbability of the testimony and the interest or lack of interest
of the witnesses, as well as their personal credibility, so far as the
same might legitimately appear from the trial.   In other words,
to use the principle in the *Rouse* case as it is sought to be applied
by counsel for plaintiff in error, the judge would have had to refer
to one or more of the circumstances which may tend to affect the
credibility of the witnesses.   If he had done so, he would have
been required to charge fully upon the subject.   But as he was
not required, in the absence of request, to charge upon this subject,
there was no error in not referring at all to any of the rules by
which the credibility of witnesses is measured.   So far as the con-
flict in testimony was concerned, the excerpt, taken in connection
with the whole charge, was properly given and sufficiently full in
the absence of a written request.

The sixth, seventh, and eighth grounds assign error on extracts
taken from the charge.   That portion of the charge referred to by
these three exceptions is as follows: "A witness may be impeached
by disproving the facts testified to by him.   A witness may be
impeached by contradictory statements previously made by him
as to matters relevant to his testimony and to the case; but before
contradictory statements can be proved against him, his mind
should be called with as much certainty as possible to the time,
place, person, and circumstances attending the former statement,
for laying the foundation before introducing such testimony.   A
witness may be impeached by evidence of general bad character.

The impeaching witness should be first asked as to his knowledge of the general character of the witness; and next, as to what that character is; and lastly, he may be asked if, from that character, he would believe him on oath. The witness may be sustained by similar proof of character." We can not fully approve this extract from the charge, for the reason that it was not proper to give to the jury rules which are especially addressed to the discretion of the court; but we fail to see how this could have been harmful to the defendant. This case is not similar to that of *R. & D. R. Co.* v. *Mitchell*, 92 *Ga.* 83, 18 S. E. 290, to which we are cited. Chief Justice Bleckley in that case says: "We have scrutinized the evidence very carefully, and there is no conflict in it on any material issue, and no charge upon the subject was appropriate. No harm would have been done by an instruction merely to reconcile conflicts in the evidence, if any existed and if the jury could reconcile them; but to put the jury on the lookout for other witnesses, witnesses not introduced or accounted for, was rather a dangerous thing; and every one knows to which of the parties it was dangerous." The charge excepted to in that case was, "If you find, from the evidence, that there is a conflict, . . and you should find that there is a witness or witnesses accessible whose evidence would throw light upon that issue, and that witness or those witnesses were not introduced or accounted for, that circumstance may be considered by you in passing upon that issue." There is nothing similar to this in the case at bar, and there is conflict in the evidence, especially between the prosecutrix and the witness Rogers. In the *Mitchell* case, supra, the Supreme Court held that the vice in the charge then under consideration was that the court assumed that by possibility the jury might find a conflict in the evidence. In this case that conflict really exists.

In the ninth ground of the amended motion error is assigned as to the following charge: "The State contends that this defendant did, on the occasion alleged in the accusation, or within two years prior to that date,—that being all that the State has to do in a criminal case, is to prove the transaction alleged in the accusation or indictment having happened two years prior to the date alleged in the accusation," etc. The charge complained of is not a correct statement of the law. The court should have instructed the jury that the State must prove the alleged offense to have been

committed within two years prior to the finding of the indictment, or the filing of the accusation, as the case may be. But no harm could have resulted to the defendant, inasmuch as the evidence was uncontradicted that the offense, if any, was committed within less than two years prior to the date of the accusation. If there were conflict in the evidence as to this point, it would be so vital as perhaps to require a new trial. There being no dispute as to this phase of the case, the inaccuracy in the charge of the court falls into the category of harmless errors.

Exceptions are taken, in the tenth ground of the motion, to the charge of the court for failure to instruct the jury as to what facts constitute the crime referred to in the accusation; and complaint is made also that the extract therein contained is an intimation by the court to the jury as to the evidence. The charge complained of is as follows: "The State alleges and contends that they have proven that this defendant did have and carry about his person, not in an open manner and fully exposed to view, a certain pistol." Were this extract the only statement of the court upon the subject, we might concur in the argument with the learned counsel for plaintiff in error that the charge is erroneous. But an examination of the entire charge shows that the court defined to the jury, at the very outset of his instructions, and in the very language of the code, both of the offenses for which the defendant was being tried. In the absence of request for fuller explanation to the jury, the definition afforded in the terms of the statute is sufficient, and the lack of further instruction is not reversible error.

The complaint in the eleventh ground of the motion is that the court eliminated the defendant's statement from the consideration of the jury, by concluding with the following injunction to the jury: "You take this testimony, gentlemen, and the law as given you in charge, and apply it to the testimony, and decide whether or not you believe the defendant did commit either offense or both offenses alleged against him." The jury were properly instructed as to the defendant's statement in another portion of the charge. The statement is not in any technical sense evidence; and the court having already referred properly to the statement, there was no error in the charge above quoted, nor did it eliminate the statement from consideration of the jury.

Upon a review of the entire charge, with exception of the errors to which we have referred, and which, in our judgment, were clearly harmless, the case was fairly submitted to the jury. With the credibility of the prosecutrix at issue, with the contentions of the defendant as fairly stated as those on the part of the State, with no expression of opinion on the part of the trial judge to induce their finding, we are not prepared to say that the jury erred in their verdict, or that the court erred in sustaining it by overruling the defendant's motion for new trial. Upon first view the assignments of error seemed grave, but, considered in connection with the charge as a whole, they either disappear from sight or become so shrunken as to afford no obstruction to administration of the law. As said by Chief Justice Bleckley in *Brown* v. *Matthews,* 79 *Ga.* 1, 4 S. E. 13, "A charge torn to pieces and scattered in disjointed fragments may seem objectionable, although, when put together and considered as a whole, it may be perfectly sound. The full charge being in the record, what it lacks when divided is supplied when the parts are all united. United they stand, divided they fall."          *Judgment affirmed.*