## 1856.  FINCH *v.* THE STATE.

No error of law appears, and the evidence supports the verdict.

Accusation of sale of liquor without license, from city court of Statesboro—Judge Brannen.  March 1, 1909.

Argued May 18,—Decided June 15, 1909.

*J. J. E. Anderson, A. M. Deal,* for plaintiff in error.

*Fred T. Lanier, solicitor,* contra.

HILL, C. J.  The plaintiff in error was convicted of a violation of §431 of the Penal Code, on an indictment found at the April term, 1908, of Bulloch superior court.  This section makes it a penal offense to sell intoxicating liquors without a license; and the indictment charges that the defendant, on the 25th day of December, 1907, in said county, violated this statute by selling whisky and other intoxicating liquors to one Doll Williams.  On the trial the evidence for the State showed that the defendant made one sale of one pint of whisky to Doll Williams on the 25th day of December, 1907, in Bulloch county.  The defendant in his statement to the jury denied that he had sold whisky to Williams, or to any one else, on said date or at any other time.

The act of 1907 prohibits the sale of any intoxicating liquors in this State after January 1, 1908, and this act in effect repealed §431 of the Penal Code, upon which this indictment was framed. The court, therefore, charged the jury as follows: "I charge you in this case that the jury has a right in the trial of this case to go back two years prior to the finding of this indictment, and find the time the sale was made, if they find the sale was made. . . Now I charge you that any time of the year 1908 is not included in that two years.  You cut out the time from the first of January, 1908, until the finding of this indictment here, which is in April; so go back two years from the finding of the indictment to find the time, in case you find a sale was made." This charge is excepted to on the ground of being misleading and incorrectly stating to the jury that they were authorized to go back

two years from the date of the indictment, which was in effect telling them that they could include in their computation the time intervening between the first day of January, 1908, and the finding of the bill in April, 1908, while the law under which the indictment was framed had been repealed by the prohibition act. We think the charge as a whole did not mislead the jury, but correctly instructed them, in reference to the statute of limitations, that they could go back from April, 1908, for two years, in their computation of the time in which the indictment could be found for the offense, and withdrew from the jury any consideration of the period intervening between the first of January, 1908, and April, 1908, the date of the finding of the indictment by the grand jury. But in any event, the charge of the court on the statute of limitations was wholly immaterial. There was no evidence whatever of any sale of liquor to Doll Williams by the defendant except the one sale on December 25, 1907, no evidence of any sale prior to this time, no evidence whatever of any sale subsequently to that date; so the jury could not have based their verdict on a sale made after the general prohibition law went into effect. The charge of the court on the statute of limitations, under the facts in this case, was wholly unnecessary; and if it contained the error complained of. it would be immaterial and harmless. *Harris* v. *State, 2 Ga. App.* 410 (58 S. E. 669).

The only other assignment of error is an attack made on the judgment of the court in overruling one of the grounds of the motion for new trial which challenged the impartiality of one of the jurors; and this ground counsel for plaintiff in error expressly stated to this court he abandoned.        *Judgment affirmed.*