### 16726.  MILLIKEN *v.* THE STATE.

No question for decision is presented by a ground of the motion for a new trial which, for stated reasons, assigns error on the admission of certain testimony objected to at the trial, but does not show what ground of objection was then stated to the court.

If the testimony objected to was illegally admitted, the error would not require a new trial, for practically the same evidence was admitted without objection.

The charge complained of, or the failure to charge as requested, does not require a new trial.

There is some evidence to support the verdict.

DECIDED NOVEMBER 11, 1925.

Accusation of riot; from city court of Baxley—Judge Speer. June 27, 1925.

*Hartwell L. Williams, James R. Thomas & Son,* for plaintiff in error.

*Wade H. Watson, solicitor,* contra.

BLOODWORTH, J.  1.  "Grounds of a motion for a new trial, complaining of the admission of evidence, which state that the evidence was admitted 'over the timely objections of the defendant,' but which fail to show what grounds of objection were then and there urged and overruled by the trial court, present no ques-

tion for decision by this court. *Somers* v. *State,* 116 *Ga.* 535 (3) (42 S. E. 779)." *Ingram* v. *State,* 26 *Ga. App.* 233 (1) (105 S. E. 727). "This court can not consider a ground of a motion for a new trial, alleging error in admitting evidence over the movant's objection, *unless it distinctly appears* that the objection insisted upon here was made and passed upon at the trial. There has been no departure from this rule, and it can not be varied, no matter how important or vital may be the question sought to be made as to the admissibility of the evidence in question." (Italics ours.) *Phillips* v. *State,* 102 *Ga.* 594 (27 S. E. 699). "It should appear from the record that proper objections were made, *and that they were passed on in the trial court,* before exceptions made thereto can avail movant in the Supreme Court. *Phillips* v. *State,* 102 *Ga.* 594 (27 S. E. 699) ; *White* v. *State,* 116 *Ga.* 573 (42 S. E. 751) ; *Wells* v. *State,* 97 *Ga.* 209 (22 S. E. 958) ; *Summers* v. *State,* 116 *Ga.* 535 (42 S. E. 779)." (Italics ours.) *Weldon* v. *State,* 158 *Ga.* 144 (123 S. E. 218). "A ground of a motion for a new trial based upon the admission of evidence should state what objection was made thereto when it was offered at the trial, *and should affirmatively show that the objection was then urged;* otherwise no question is raised for determination by the court. *McFarland* v. *Darien &c. R. Co.;* 127 *Ga.* 97 (56 S. E. 74)." (Italics ours.) *Hill* v. *Chastain,* 138 *Ga.* 750 (1) (75 S. E. 1130). See *City of Rome* v. *McWilliams,* 145 *Ga.* 191 (2) (88 S. E. 931). Under the rulings in the foregoing cases the assignment of error based upon that ground of the motion for a new trial which complains of the court's ruling in admitting certain evidence can not be considered. Moreover, should we concede that this evidence was illegally admitted, this was not such a material error as would require the grant of a new trial, for practically the same evidence was admitted without objection. *Louisville & Nashville R. Co.* v. *Lovelace,* 26 *Ga. App.* 286 (3) (106 S. E. 6), and citations.

2. When considered in the light of the charge of the court as a whole, neither the excerpt therefrom nor the failure of the judge to charge as requested shows reversible error.

3. There is some evidence to support the verdict.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*