## HICKS v. THE STATE.

PER CURIAM. 1. It was not error to instruct the jury in this case that: "If, upon a consideration of the evidence in this case, you find there is a conflict between a witness or witnesses, conflict between a witness or witnesses and the defendant's statement, it is your duty to reconcile that conflict, if you can, without imputing perjury to any witness and without imputing false statements to the accused. · If, however, you can not do that, it becomes your duty to believe that witness or those witnesses you may think best entitled to belief, and you may consider their interest or want of interest in the result of the case, their bias or prejudice, if any appears, the reasonableness or unreasonableness of the statements they make, their familiarity with the facts that they testify about, and the personal credibility of the witness so far as the same may be legitimately determined upon the trial of the case. But the jury, gentlemen, at last are the sole and exclusive judges as to what witnesses they will believe or disbelieve and what testimony they will credit or discredit, it being a matter entirely and exclusively within the province of the jury." The contention of the plaintiff in error, to the effect that the court erred in instructing the jury that it was their *duty* to believe any witness or witnesses, based upon the ground that the jury is not compelled to believe any of the witnesses, nor is it proper for the court to tell a jury that they are under a duty to believe any particular witness, is not sustained. *Collum* v. *Ga. Ry. &c. Co.*, 140 *Ga.* 573 (79 S. E. 475) ; *Harris* v. *State*, 2 *Ga. App.* 406, 408 (58 S. E. 669).

2. The remaining assignments of error are without merit.

*Judgment affirmed. All the Justices concur, except Russell, C. J., dissenting.*

No. 5123. MARCH 12, 1926.

Murder. Before Judge McLaughlin. Muscogee superior court. September 26, 1925.

*Boyd A. Lovvorn* and *W. Willis Battle,* for plaintiff in error.

*George M. Napier, attorney-general, W. R. Flournoy, solicitor-general,* and *T. R. Gress, assistant attorney-general,* contra.

Criminal Law, 16 C. J. p. 1013, n. 50.