## 18467.   STEWART et al. v. THE STATE.

BLOODWORTH, J.   1. For no reason assigned is the evidence to which objection was made in the first special ground of the motion for a new trial inadmissible.   Moreover, this evidence is not of such materiality as to require a reversal of the judgment.   *Clare* v. *Drexler,* 152 *Ga.* 420 (4) (110 S. E. 176).

Affidavits, 2 C. J. p. 355, n. 19.
Criminal Law, 16 C. J. p. 580, n. 6; p. 931, n. 5; p. 958, n. 21; p. 965, n. 47 New; 17 C. J. p. 69, n. 38; p. 70, n. 43; p. 89, n. 63; p. 317, n. 10.
Larceny, 36 C. J. p. 932, n. 84.
Perjury, 30 Cyc. p. 1405, n. 32.
Witnesses, 40 Cyc. p. 2443, n. 46; p. 2555, n. 42; p. 2649, n. 71.

2. Certain evidence was allowed to go to the jury to which the only objection then urged (and no other can be considered by this court: *Phillips* v. *State*, 102 *Ga.* 594, 27 S. E. 699; *Milliken* v. *State*, 34 *Ga. App.* 596, 597, 130 S. E. 347, and cit.), was that "the witness could not testify to the best of his knowledge and belief." "To swear that one believes a thing to be true is equivalent to swearing that it is true, and perjury may be assigned on such affidavit." *Herring* v. *State*, 119 *Ga.* 709, 717 (46 S. E. 876); *Davis* v. *State*, 7 *Ga. App.* 680 (4), 685 (67 S. E. 839). Where a statute which provides for the making of an affidavit requires the facts to be positively stated, an affidavit based upon knowledge and belief can not be received. Such affidavits are those required in garnishment cases, cases of ne exeat, illegality, non est factum, and attachment. There is no such law or rule of practice applicable to the evidence of a witness testifying on the stand.

3. Error is alleged in that certain evidence relative to a settlement of the prosecution was allowed to go to the jury. The only objection urged at the trial to this evidence was that it "was illegal, irrelevant, and prejudicial to the defendant." These objections are too general to present anything for consideration by this court. *Hayes* v. *State*, 36 *Ga. App.* 668(e), 669 (137 S. E. 860). Where, in a motion for a new trial, certain reasons are urged why evidence should not have been admitted, and it does not appear that these objections were urged at the trial and passed upon by the judge, no question is raised for determination by this court. *Butts* v. *State*, 118 *Ga.* 750 (45 S. E. 593); *Duke* v. *Ayers*, 163 *Ga.* 444 (1), 452 and cit.

4. "Until the adverse party attacks the credibility of a witness, either for bad character or because of contradictory statements, the party calling him can not introduce evidence in support of his character for veracity." *Anderson* v. *Southern Ry. Co.*, 107 *Ga.* 500 (33 S. E. 644). The principle here announced disposes of the 4th ground of the amendment to the motion for a new trial.

5. A witness who had testified to the good character of one of the defendants was asked on cross-examination, "What do you think about a man's character that would help kill another man's hog, and help cover up the blood, and then help carry the hog to a negro's house, and butcher the hog in the negro house, and receive for his services a shoulder of meat? What do you think about a man's character who would do a thing like that?" Over the objection of counsel for the defendant, the witness was allowed to answer the question, and said: "Well, if he were to do what you outlined, I would say he was dishonest." There was some evidence to support the statements incorporated in the foregoing question, and therefore the answer was properly allowed in evidence. Moreover, the only objection to this evidence urged at the trial was that it was "irrelevant and prejudicial to the defendants." See paragraph 3 above.

6. In charging the jury on the statement of the defendant the judge told the jury that "they may believe it in preference to the sworn testimony in the case, and acquit the defendant if they believe it to be the truth of the case." It is insisted that the words, "if they be-

lieve it to be the truth of the case," constituted an expression of opinion by the court against the defendant. There is no merit in this contention.

7. The court did not err either in leaving to the jury to decide whether the evidence showed a conspiracy, or in leaving to them to determine whether a confession had been made; and neither the charge on conspiracy nor the charge on confessions was subject to the criticism urged against it.

8. In charging on the good character of the defendant, it was not error for the judge to tell the jury that "in criminal cases the defendant is allowed, if he sees fit, to offer evidence as to his general good character."

9. The motion for a new trial complains that the judge failed to charge certain contentions of the defendant. In *Faison* v. *State*, 13 *Ga. App.* 180 (79 S. E. 39), it was held: "While it is the duty of a judge in the trial of a criminal case to state the contentions of both the State and the defendant, still, in the absence of a request for more definite instructions, a statement by the court that the grand jury has returned an indictment against the defendant, charging him with the offense of murder, and to this the defendant has filed a plea of not guilty, which makes the issue for them to try, sufficiently presents the issue." The principle announced in this ruling was followed in *Wilensky* v. *State*, 15 *Ga. App.* 360 (2) (83 S. E. 276); *Quinn* v. *State*, 22 *Ga. App.* 632 (7), 635 (97 S. E. 84); *Parks* v. *State*, 24 *Ga. App.* 243 (100 S. E. 724). The ruling in these cases disposes of this ground of the motion for a new trial adversely to the contention of plaintiff in error. See also *Williams* v. *State*, 120 *Ga.* 870 (48 S. E. 368); *Southern Cotton Oil Co.* v. *Thomas*, 155 *Ga.* 99 (4) (117 S. E. 456). Counsel for plaintiff in error insisted that the judge erred in not giving in charge the contention of the defendant that the hog alleged to have been stolen was taken under a fair claim of right. Had the defendant who first made this contention "stood by his guns," the judge might have given in charge to the jury this principle, but the defendant "changed front," and, according to the evidence, "confessed everything," admitted that he had killed the hog of the prosecutor, gave a portion of the meat found in his house to the prosecutor, and offered to settle the case. Under such evidence the judge was not called upon to charge the contention that the hog was taken under a fair claim of right.

10. There is evidence to support the verdict.

> *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*
>
> DECIDED NOVEMBER 16, 1927.

Larceny of hogs; from Laurens superior court—Judge Camp. September 3, 1927.

*E. L. Stephens, T. E. Hightower,* for plaintiff in error.
*Fred Kea, solicitor-general,* contra.