## HOLLEY *v.* THE STATE.

No. 13506. MARCH 13, 1941. ADHERED TO ON REHEARING MARCH 29, 1941.

*F. B. Tyler, L. W. Cooper, W. K. Miller,* and *Pierce Brothers,* for plaintiff in error.

*Ellis G. Arnall, attorney-general, W. H. Lanier, solicitor-general, M. C. Barwick, M. Cook Barwick, Duke Davis* and *C. E. Gregory Jr., assistant attorneys-general,* contra.

ATKINSON, Presiding Justice. Wade Holley was convicted of murder. At the trial witnesses testified that they were present and saw the killing,—at least saw the shooting of W. L. Beckum, which physicians who examined the body of the deceased testified caused his death. It took place at a filling-station between four and five o'clock in the morning, in the town of Louisville, Jefferson County. According to the State's witnesses, an argument arose between Holley and Bargaineer while Holley was waiting to have Beckum repair a flat automobile tire. Holley asked Bargaineer if he worked there, and when told that he did not but worked at a near-by station, Holley told him to go on back to his own station. After an exchange of words between them, Holley slapped Bargaineer, one witness testifying that he knocked him down; whereupon

Beckum, who had been in the station, walked outside where the men were quarreling and asked Holley why he hit Bargaineer. He had the inner tube in his hands, but there was no testimony that he threatened Holley. Holley then said to Beckum that he had stopped to have his tire fixed, saying further, "You're going to fix it or put it down, one;" and when Beckum started to drop the inner tube, Holley drew his pistol from his pocket and shot Beckum. There was testimony that the defendant had been seen drinking that night before the shooting; and this he admitted in his statement to the jury. Also there was evidence of rough language and quarreling about the station after the defendant stopped to have his tire repaired, and before the shooting. The defendant's witnesses were all character witnesses, though some of them, on cross-examination, admitted having heard of charges of misconduct on his part. He was a police officer of the City of Augusta.

The defendant made a statement to the jury, in which he charged Beckum with assuming a threatening attitude toward him because of his quarrel with Bargaineer, and that he thought Beckum was about to strike him with a tool, and hence he shot in self-defense. He excepted to the overruling of his motion for new trial.

■ In a murder case, where the homicide was committed on March 28, 1940, and the accused was instantly arrested and lodged in jail, employed counsel on May 7, 1940, and was indicted on May 13, 1940, the trial judge did not abuse his discretion when on the call of his case on May 14, 1940, he overruled a motion for continuance, based on the grounds: (a) that, considering the gravity of the charge against him, it is too early to be tried (Code, § 27-2002; *Kelloy* v. *State*, 151 *Ga.* 551, 107 S. E. 488; *Cannady* v. *State*, 190 *Ga.* 227, 9 S. E. 2d, 241); (b) that a feeling of hatred, enmity, and prejudice, manifested against him at the time of the homicide, had not abated (*Hunter* v. *State*, 43 *Ga.* 483, 519); and (c) that counsel had been informed that an eye-witness, whose name was not given, who is believed to be a resident of Georgia but now temporarily absent in Florida, would testify to facts tending to exonerate the accused, if he could be located, every effort being made to get in touch with such person since May 8, 1940, but to no avail; there being no

Georgia address of the absent witness given, and no facts given on which to base a rational expectation that the presence of such witness could be had at a subsequent term. Code, § 81-1410.

■ It was not erroneous to overrule a challenge to the array of jurors, based on the ground that the judge excused from service a number of jurors without legal excuses being by them submitted in open court, and without an opportunity being given to the defendant to determine the jurors' fitness and ability as triors. It will be presumed, until the contrary appears, that the judge acted on good and lawful cause. *Parish* v. *State,* 6 *Ga. App.* 163 (64 S. E. 489).

■ It was not erroneous to allow the State to introduce the testimony of a witness whose name did not appear on the indictment. When furnished with a list of the witnesses who swore before the grand jury, another witness whose name was not on the list was not incompetent to testify. *Inman* v. *State,* 72 *Ga.* 269; *Taylor* v. *State,* 138 *Ga.* 826 (5) (76 S. E. 347).

■ The sheriff as a witness was asked whether the defendant made any effort to escape jail, and he answered in the affirmative. Immediately after the answer counsel for the accused stated an objection and asked that a mistrial be declared. The judge answered, "I sustain the objection, and I instruct you gentlemen not to pay any attention to it whatever; it is ruled out; and I warn you gentlemen of the jury to pay no attention to the evidence. It ought not to be used against this defendant. Flight itself may be always proven; that would be admissible; but in this case this would be an attempt to prove a separate and distinct offense, that is, trying to escape from jail; therefore I overrule the motion for mistrial, but I warn you gentlemen of the jury not to pay any attention to the evidence whatever; wipe it from your minds; don't let it have any effect upon your minds at all one way or the other." It was not erroneous to overrule the motion to declare a mistrial.

■ A character witness for the accused, on cross-examination, was asked the question, "A man that leaves his work at eleven o'clock, gets in his car, starts drinking whisky, puts his pistol in his pocket, and drives down to a neighboring town and stays there until 4:30 or 5 o'clock in the morning, and then kills a man: do you still say that he is a man of good character?" It was not erroneous to allow this question over the objection "that it is a hypothetical question."

A ground of the motion for a new trial complains of the admission of certain testimony. This assignment of error, which should be complete within itself, does not show that the evidence was objected to and the grounds of objections stated to the court at the time of its admission, but expressly states that no objection was urged to its admission, and proceeds then to give stated reasons why it was inadmissible. This ground is insufficient to present any question for decision.

There is no merit in the complaint that it was erroneous to admit testimony of a witness that he "had never heard of any cigarettes, or any cloth from the King Mill, being brought down here for sale," and that the witness "did not know what the accused and his companions were doing here that night," and "never heard of the accused coming down here before." The objection was that the testimony was immaterial to the issues involved, the solicitor-general not having stated in his place an intention to connect it with the defendant further on in the trial.

Counsel for the State, during his argument to the jury, made a remark in substance as follows: "Gentlemen, I wish you knew Beckum—he was at work—he had to work — he didn't have time to ride over the country, drinking liquor or causing trouble." Counsel for the defendant objected, because such remark was improper and was prejudicial to the defendant's cause, and inflammatory, and calculated to prejudice and did prejudice the minds of the jury, and was not authorized by the evidence; and counsel made a motion that a mistrial be declared by the court. The court refused so to declare, but said that such argument was improper, and instructed the jury to disregard it. The complaint of the refusal to declare a mistrial is without merit.

On presentation of a request to the court to charge the jury in writing, the court remarked: "Gentlemen, I have been a judge for twenty-five years, and this is the first time that I have been requested to make my charge in writing; but you have a right to have a written charge, and I will prepare it during the noon hour." No objection was then and there made to this remark. A ground of the motion for new trial, that the court did then and there make such remark, is without merit. Compare *Thornton* v. *Lane,* 11 *Ga.* 459, 539.

"In a criminal case the general charge may be so shaped

as to present the theories involved in the evidence; and no specific reference need be made to those raised by the statement of the accused, in the absence of any request on that subject, provided the judge calls the attention of the jury to the statement, and charges the law in regard to it as contained in the Code." *Taylor* v. *State*, 131 *Ga.* 765 (63 S. E. 296) ; see *Harris* v. *State*, 2 *Ga. App.* 406 (3) (58 S. E. 669). The judge charged the jury in general terms on the issues involved, and further: "The defendant, gentlemen, has appeared and made a statement not under oath; he is subject neither to direct nor cross-examination, but the jury trying the case may believe that statement in preference to the sworn evidence. You may believe it in whole or in part, reject it in whole or in part. Give it just that weight and credit that you believe his statement is entitled to." Having so charged the jury, mere omission to charge without request, as complained of in ground 12 of the motion for a new trial, is not cause for reversal. In that ground the further complaint is that "the court erred in its failure, in its charge, to state the contentions of the State and the accused, and to give the jury legal instructions as to their right to consider the truthfulness of these contentions, as nowhere in the charge of the court is any statement of the defendant's reasons of justification for the homicide; and movant contends that this failure to so charge is reversible error. And further, the court's failure to charge the jury that under the defendant's statement in which he claimed that while engaged in an encounter with one Bargainnair the deceased was approaching him cursing, abusing, and with a heavy lug wrench or iron threatening him, and under these circumstances the shot was fired, that if the jury believed the defendant's statement, which they had a right to do in preference to the sworn testimony in the case, it would be justifiable homicide, and the defendant entitled to an acquittal." There is no merit in these contentions.

The judge is not obliged, in the absence of a timely written request, to charge as to any collateral matter relating to the case. *Patterson* v. *State*, 134 *Ga.* 264 (67 S. E. 816) ; *Watson* v. *State*, 136 *Ga.* 236, 240 (71 S. E. 122) ; *Evans* v. *State*, 185 *Ga.* 375 (2) (194 S. E. 873) ; *Turner* v. *Turner*, 186 *Ga.* 223, 225 (197 S. E. 771). Even if applicable, it is not cause for reversal that the judge, without request, omitted to charge as complained

of in grounds 13 and 14 of the motion for new trial. The complaint in ground 13 was of the failure to instruct the jury as to the right to reconcile conflicting testimony without imputing perjury to any one, while the complaint in ground 14 was as to failure to charge the law relating to positive and negative testimony, it being alleged that the defendant's statement before the jury showed that he shot under circumstances of justification, and there was no positive contradictory evidence by the State.

■ The judge charged: "Justifiable homicide, gentlemen, is a killing in defense of one's own life, or in defense of his person, habitation or property as against one who is manifestly intending or endeavoring, by violence or surprise, to commit a felony upon the person of the defendant. I charge you further, with reference to justification, the jury shall consider all the surrounding facts and circumstances, the conduct of all the parties at the scene of the homicide, the situation in which the defendant found himself, and if you gentlemen should believe that the defendant took the life of the deceased under the fears of a reasonable man that his life was in danger, or that a felony was about to be committed upon him, and he acted under the influence of such fears and not in a spirit of revenge, he would be justified, and the jury should acquit the defendant. I have heretofore charged you, gentlemen, that words, threats, menaces, and contemptuous gestures shall in no case be sufficient to free the person killing from the guilt and crime of murder. However, I do charge you that you may consider words, threats, menaces, and contemptuous gestures, together with all the other surrounding circumstances, to determine whether or not the defendant acted under the influence of reasonable fears, not the fears of a coward, but a reasonable courageous man." *Held:* (a) This charge was not erroneous, as complained of in ground 15 of the motion for a new trial, for the alleged reason that it is "misleading and not applicable to the facts as developed in said case, for the reason that the defendant's theory of defense as fully set out in his statement was justifiable homicide based upon an actual necessity, and the court failed to charge the jury on the question of the difference between actual and apparent danger and failed to give to the defendant the legal right to be acquitted if the defendant as a reasonable courageous man entertained such fears, even though they did not actually exist, but were apparent to him only,

so that if the defendant thought that this piece of iron or lug wrench with which the deceased was armed was intended to be used upon him, whether it was or not, would be legal justification for the homicide." (*b*) Neither is the quoted charge erroneous, as complained of in ground 16 of the motion for a new trial, for the alleged reason "that the court erred in its charge to the jury in assuming the truth of the State's evidence delivered in chief, and upon that assumption rendered and directed his charge, which charge contains no reference to the possibility of error on the part of the State's testimony, and excluded the defendant's contention of justification entirely; and the charge of the court is based upon the assumption that the defendant relied solely and exclusively for acquittal upon the proof of good character, when as a matter of fact the defendant relied for an acquittal upon the law of self-defense and good character."

■ Ground 17 of the motion for new trial complains of the following charge: "In all criminal cases, gentlemen, and this is a criminal case, the defendant has the right to introduce evidence with reference to his general good character. And when such evidence is introduced, it becomes a substantive fact to be considered by the jury, and it may in and of itself generate a reasonable doubt in your mind as to the defendant's guilt. If it does so raise a reasonable doubt in your mind, that is proof with reference to general good character, the jury should acquit the defendant and discharge him. On the other hand, giving due consideration to any and all evidence that may have been offered with reference to general good character, together with all the other evidence in the case and the defendant's statement, if you still believe he is guilty beyond a reasonable doubt, you will be authorized to convict him, even though there may have been evidence with reference to general good character, as there has been in this case." The complaint is: "Movant avers that the court erred in its charge to the jury upon the substantive value of good character of the defendant in a criminal case, having charged that the jury could consider 'any and all other evidence that may have been offered with reference to good character together with all other evidence in the case and the defendant's statement,' denying to the defendant the right of a reasonable doubt arising out of proof of good character alone, but coupling the instructions in such language as to mislead the jury in believing that

unless there was other and additional testimony in the defendant's behalf, good character alone did not generate such a reasonable doubt as to authorize an acquittal." This complaint rests upon misconception of the meaning of the charge, and fails to show error.

The verdict is supported by the evidence.

*Judgment affirmed.* *All the Justices concur.*