45502. GARRISON v. THE STATE.

ARGUED SEPTEMBER 15, 1970—DECIDED OCTOBER 16, 1970—
REHEARING DENIED NOVEMBER 6, 1970—

758

*James W. Paris, Millard G. Gouge,* for appellant.

*Nat Hancock, District Attorney,* for appellee.

DEEN, Judge. ■ Insofar as the motion to suppress evidence is based on an illegal search, it does not appear that the premises were searched or any evidence seized. The entry was by permission of the owner who directed the officers to his bedroom where they found and arrested the defendant. Insofar as it is based on an illegal arrest without a warrant, the facts known to the arresting officers at the time, including substantially the chronology detailed above except for the fingerprint evidence, was sufficient

to constitute probable cause for them to believe that the defendant had committed an offense. Granting that they had no identification of the particular stolen car at the time, they had general knowledge of the probable presence of stolen cars at the time and place in question, plus the fact that the driver of this car refused to stop when ordered, that he abandoned the car with the motor running and fled, and that the car switch had been knocked out. That the defendant was found at the end of a trail commenced by the bloodhounds at the scene of the abandoned car constitutes some evidence that the defendant was the fugitive, and flight is ground for arrest without a warrant where there is reasonable cause to believe the fugitive is the offender and the flight itself makes it impracticable to go elsewhere in search of a warrant. *Code* § 27-207; *Peters v. State,* 114 Ga. App. 595 (152 SE2d 647). This testimony was properly admitted.

■ Objection was made to testimony that the dogs "ran going west from this rock crusher, then made a circle around into a barn area and then to a house." The witness was not at the house or barn in question and it appears from the context that he was repeating information received by walkie-talkie from handlers actually accompanying the dogs. This testimony was not admissible, except insofar as it might have explained the conduct of other police officers who went to the area of the barn and house and thereafter made the arrest. The fact that the dogs were generally under the supervision and control of the trainer who was testifying gives him no license to state factually what they did in his absence. However, Melton, the man in the first car arriving at the house, testified: "They stopped the car in the road and we could see the dogs out there at the edge of an old barn there, and the dogs were headed towards the house and we jumped out of the car and I ran directly to where the dogs were . . . I went directly to the barn and he kept coming with the dogs and they came to the back of the house at the back door." The admission of hearsay evidence is harmless where the same facts are established by uncontroverted competent testimony. *Whitehead v. State,* 43 Ga. App. 186 (158 SE 345). The statement that the dogs "ran west from this rock crusher" was also immaterial, there being testimony that the dogs ran in the direction in which the driver of the automo-

bile had fled. Enumerations of error 2 and 3 are without merit.

■ It has been held in other jurisdictions that it is improper for the State on cross examination of a character witness for the defendant to permit hypothetical questions formed with a view toward eliciting the answer that the witness would not think the defendant had a good character if he had known he committed the offense for which he is currently on trial. Pippen v. State, 126 Tex. Cr. 163 (70 SW2d 598); State v. Nelson, 200 N. C. 69) 156 SE 154). Similar questions have, however, been permitted in Georgia on the cross examination of character witnesses for the defense. *Holley v. State,* 191 Ga. 804 (5) (14 SE2d 103); *Banks v. State,* 113 Ga. App. 661 (149 SE2d 415).

■ The court charged: "Before you would be authorized to convict on circumstantial evidence alone, the proven facts must not only be consistent with the hypothesis or conclusion of guilt but must exclude every reasonable hypothesis or conclusion except that of the guilt of the accused." This statement is less argumentative, and therefore more satisfactory, than the charge on the same subject requested by the defendant. We do not find the instructions as to sentencing the defendant in the event of a guilty verdict in any way misleading, especially in view of the fact that the jury acquitted on the first count of the indictment. The statement: "later on the court will send you the indictment and other evidence in the case" is inaccurate in that the indictment is not evidence (*Sides v. State,* 213 Ga. 482, 485 (99 SE2d 884)), but the jury was instructed to this effect earlier in the charge, and considering the instructions as a whole we find no reversible error.

*Judgment affirmed. Hall, P. J., and Evans, J., concur.*