## 57281. JACKSON v. THE STATE.

WEBB, Presiding Judge.

Jackson, indicted for and convicted of the offense of aggravated assault, appeals and we reverse.

1. The accused assigns as error the trial court's denial of his retained counsel's motion to allow to participate at trial as co-counsel, asserting that this is a Sixth Amendment right established by Faretta v. California, 422 U. S. 806 (95 SC 2525, 45 LE2d 562) (1975). While Faretta affirms the constitutional right to act as one's own counsel, it does not hold that a defendant has a Sixth Amendment right to act as co-counsel while still enjoying the benefits of an attorney. United States v. Bowdach, 561 F2d 1160, 1176 (5th Cir. 1977); United

States v. Wolfish, 525 F2d 457, 462 (2d Cir. 1975); (U. S. cert. den. 96 SC 794) (1976).[1]

Here, however, counsel for appellant also specifically invoked the provision of our Constitution, that "No person shall be deprived of the right to prosecute or defend his own cause in any of the courts of this State, in person, by attorney, or both." Code Ann. § 2-109 (formerly § 2-104). Appellant's counsel in presenting the motion stated: "[O]ne particular request that I would make of the court in connection with this motion is that in the closing argument that I be allowed to divide my time with him to allow him to make a short statement to the jury and then I will conclude, because the district attorney, we anticipate putting on evidence in the defendant's behalf, so the district attorney would have the right to open and close, but I would request of the court to allow the defendant himself to make a statement to the jury as a part of the closing arguments of this case and then I would conclude, and we also may want him to question a witness or two, . . ." The motion itself stated "that most of the evidence which will be presented in this case lies within the defendant's personal knowledge, and in many instances the clarification of such evidence may lie within his exclusive knowledge."

The unsworn statement privilege was abolished in 1973. Ga. L. 1973, pp. 292, 294 (Code Ann. § 38-415). Otherwise the same arguments were advanced in *Loomis v. State,* 203 Ga. 394 (47 SE2d 58) (1948), and the same constitutional provision was urged on behalf of Loomis. There the eminent trial judge, Judge Bond Almand (later Chief Justice of our Supreme Court) in denying such a motion ruled: "I am simply passing on the request of your son to be permitted to act as his own counsel, and I am

---

[1]"Wolfish had an experienced counsel and, so long as he retained him, he could not appear *pro se.* If he wished to handle the case *pro se,* Wolfish should have discharged his retained counsel. This he did not do and, therefore, may not now be heard to complain of any deprivation of Sixth Amendment rights." Wolfish, supra, p. 463.

ruling as long as he has you as counsel you will have to represent him." On appeal the Supreme Court, after quoting at length from *Roberts v. State,* 14 Ga. 18 (2) (1853), stated that "the constitutional provision here under consideration is plainly subject to the inherent power of the court to prescribe the manner in which the business of the court shall be conducted, provided that this power can not be 'exercised in such a way as to involve a deprivation of right.' Accordingly, special ground 4 involves nothing more than application of a plain and unambiguous provision of the Constitution to a given state of facts, for the purpose of determining whether the trial judge erred as contended therein, and, like the grounds considered in the preceding division, would come within the jurisdiction of the Court of Appeals." *Loomis v. State,* at pp. 394, 404, supra.

Consequently, upon transfer this court held that "the constitutional provision here sought to be invoked by the defendant is plainly subject to the inherent power of the court to prescribe the manner in which the business of the court shall be conducted and to preserve the order and decorum of the trial to the furtherance of justice, but that power of the court cannot be 'exercised in such a way as to involve a deprivation of right.' ... [Cits.] The discretion of the trial judge in regulating the conduct of counsel, parties and the witnesses, and in prescribing the manner in which the business shall be conducted, *including the manner in which the prisoner shall exercise his constitutional right of defense in person,* is broad and is ample to enable him in any case to effect the purposes for which it is inherently his; but his discretion is not unlimited, for it must not be abused and it may not be exercised in such a way as to involve a deprivation of right. [Emphasis supplied.]

"This discretion of the trial court in assuming the general superintendence and control of the litigation before it is a point of extreme delicacy with which we are reluctant to interfere, and interference will not be had unless there appears in the case something to demand imperatively the corrective interposition of this court." *Loomis v. State,* 78 Ga. App. 153, 163 (51 SE2d 13) (1948), cert. den. See also *Heard v. State,* 126 Ga. App. 62, 64 (2)

(189 SE2d 895) (1972).

In denying his motion to participate the judge noted that Jackson had only a third grade education, had no legal training, was represented by two competent attorneys and could contribute nothing to the case as co-counsel. The trial judge's ruling, however, denied the accused a right specifically granted by our Constitution. The trial court, of course, has the inherent authority and discretion to regulate and govern the manner by which the accused could exercise that constitutional right, but that discretion "may not be exercised in such a way as to involve a deprivation of right." *Loomis v. State,* 78 Ga. App. 163, supra.

2. In Enumerations 2 through 8 Jackson complains that certain hypothetical questions propounded on cross examination by the state to his character witnesses were improper. These questions pertained to matters already in evidence and Jackson did not object to the questions or the testimony of his witnesses. Hypothetical questions based on evidence as to what the accused has allegedly done and whether the witness would consider a man who would do such things a man of good character have long been recognized as proper. *Stewart v. State,* 37 Ga. App. 386 (5) (140 SE 415) (1927); *Maner v. State,* 45 Ga. App. 594 (3) (165 SE 305) (1932); *Holley v. State,* 191 Ga. 804 (5) (14 SE2d 103) (1941); *Garrison v. State,* 122 Ga. App. 757, 760 (3) (178 SE2d 744) (1970).

3. We find no abuse of discretion in the failure to grant Jackson's motion for mistrial after the victim was brought into the court room, out of the presence of the jury, on an ambulance stretcher, and allowed to testify from the stretcher. The victim had been hospitalized since the day of the shooting, could raise her head but not her feet, and could not remain in a raised position for more than 30 or 40 minutes. The trial judge has a broad discretion in regulating and controlling the business of the court, and appellate courts should not interfere with that discretion "unless it is manifestly abused by clearly demonstrated prejudice or unfairness." *Dyke v. State,* 232 Ga. 817, 825 (209 SE2d 166) (1974); *Key v. State,* 146 Ga. App. 536, 537 (7) (246 SE2d 723) (1978).

*Judgment reversed. Underwood, J., concurs. Banke,*

*J., concurs specially.*

ARGUED FEBRUARY 6, 1979 — DECIDED MARCH 16, 1979 — REHEARING DENIED MARCH 28, 1979 —

*Fuller & McFarland, Millard D. Fuller,* for appellant.

*Claude N. Morris, District Attorney, Howard S. McKelvey, Jr., Assistant District Attorney,* for appellee.

BANKE, Judge, concurring specially.

While I agree with all that is said in the majority opinion, I wish to express my agreement with the trial court that Code Ann. § 2-109 does not give a defendant the right to make an unsworn statement to the jury under the guise of a closing argument. Furthermore, the defendant's right to conduct his own examination of witnesses would be subject to the rules of the court. For example, under Rule 88 of the Rules of the Superior Courts (Code Ann. § 24-3388, formerly Code § 24-3359) each party is limited to only one counsel in examining any given witness. See *Smith v. Goodwin,* 103 Ga. App. 248 (5) (119 SE2d 35) (1961).