## 59392. MOODY v. THE STATE.

SHULMAN, Judge.

Defendant appeals his conviction for the offense of aggravated assault. Under the controlling authority of *Jackson v. State,* 149 Ga. App. 496 (254 SE2d 739), we reverse.

The defendant assigns as error the trial court's refusal to allow defendant, personally, the right to address either the court or the jury, to conduct voir dire, or to examine witnesses. Defendant submits that in so ruling the court denied defendant his constitutional right to participate in his own defense. We agree.

Code Ann. § 2-109 provides that "[n]o person shall be deprived of the right to prosecute or defend his own cause in any of the courts of this State, in person, by attorney, or both." We are constrained to find that by permitting the defendant to take no more an active role in his own defense than to exercise the right to consult with his attorney, the trial court, in effect, denied defendant his right to defend his own cause.

In *Jackson,* this court found that the trial court had committed reversible error in refusing to permit the defendant to participate in closing argument. Although Code Ann. § 2-109 is "plainly subject to the inherent power of the court to prescribe the manner in which the business of the court shall be conducted and to preserve the order and decorum of the trial to the furtherance of justice. . .that power of the court cannot be 'exercised in such a way as to involve a deprivation of right' . . . (Cits.)" Id., p. 498.

It is apparent from the record and transcript in the instant case that the court premised its ruling on its opinion that, in view of defendant's lack of legal expertise, his active participation in the trial would disrupt the legal proceedings.

We must conclude, under the authority of *Jackson,* that in basing the denial of defendant's right to defend his own cause on the defendant's lack of legal expertise, the trial court erred. To hold otherwise would serve to emasculate Code Ann. § 2-109 and render it mere verbiage.

"The trial court, of course, has the inherent authority and discretion to regulate and govern the *manner* by which the accused could *exercise* that constitutional right, but that discretion 'may not be exercised in such a way as to involve a deprivation of right.' [Cit.]" Id., p. 499. (Emphasis supplied.)

Where, as here, the court refused to allow the defendant to address either the court or the jury, to conduct voir dire, or to cross examine witnesses; indeed, specifically limited defendant to a consulting role as "co-counsel" (the role of any defendant in a criminal action), we must conclude that defendant has been denied his constitutional right to actively participate in the defense of his cause. Accordingly, the judgment of the trial court must be reversed.

Since we are reversing the judgment for the reason stated above, we need not address remaining enumerations of error which are not likely to recur at a new trial.

*Judgment reversed. Quillian, P. J., concurs. Carley, J., concurs specially.*

SUBMITTED FEBRUARY 13, 1980 — DECIDED MARCH 12, 1980.

*Derek H. Jones,* for appellant.
*Dewey Hayes, District Attorney, M. C. Pritchard, Assistant District Attorney,* for appellee.

CARLEY, Judge, concurring specially.

In view of the language of our constitutional provision (Code Ann. § 2-109) as applied by this court in *Jackson v. State,* 149 Ga. App. 496 (254 SE2d 739), I am constrained to concur in the judgment of the majority. However, while I am obligated to follow precedent, I am not required to endorse and embrace the prior interpretation and the resulting effect with the enthusiastic expression of approval and support which the majority enunciates in its opinion. My thorough review of the record and transcript causes me to have great sympathy with the trial court's dilemma in this case

and his attempt to resolve the same in a manner which would preserve and protect the constitutional rights of the defendant *and* which also would ensure order and proper decorum throughout a very serious trial. Although *Jackson* evidently proscribes the attainment of the objective of the trial court, the record indicates that the trial court was endeavoring to avoid courtroom chaos which might well have resulted in inadvertent violation of other rights of the defendant. I wholeheartedly agree with Justice Jordan in his special concurrence in the case of *Burney v. State,* 244 Ga. 33, 41 (1979), when he said: "I do not believe that the writers of the Constitution intended that this provision of the Constitution should be interpreted as the majority opinion holds." I concur in judgment only.