## 67678. JONES v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of armed robbery and possession of a firearm by a convicted felon. Appellant contends the trial court erred (1) by allowing testimony concerning his identification at a pre-indictment confrontation where appellant was not represented by counsel, and allowing an in-court identification which was tainted; (2) by denying appellant his constitutional right to actively participate in his own defense; (3) by admitting into evidence a mug shot of defendant wearing an Atlanta Police Department identification number; (4) by denying appellant's motion for a mistrial after improper questions about his prior conviction; (5) by giving an incorrect charge relating to impeachment of witnesses; and (6) by denying appellant's requests to charge on the equal access rule and alibi.

Appellant, a female companion and other persons robbed James Evans and his wife at gunpoint when Evans opened his apartment door in response to a woman's knock between 11:00 and 11:30 p.m.

1. Appellant contends it was error to allow Evans to testify concerning his identification of appellant at the Municipal Court in Atlanta. At a suppression hearing Evans testified he was summoned to appear at a preliminary hearing a day or two after the robbery. While Evans was sitting in the courtroom four men and a woman were brought into court and Evans immediately recognized appellant as the man who forced his way into Evans' apartment at gunpoint and

robbed Evans and his wife. Evans had not seen any photographs of appellant; was not aware that appellant would be in the courtroom; and was not advised by the police that they had a suspect or that appellant was one of the persons who robbed Evans.

Appellant argues that testimony concerning this pretrial confrontation was inadmissible because he was not represented by counsel. He also contends that his in-court identification was tainted by the pretrial confrontation and, thus, all testimony relating to his identification was inadmissible. These contentions are without merit.

It is clear that the pretrial confrontation was an unplanned, chance encounter. No one suggested to Evans that he should pick out anyone, nor was he advised that appellant would be at the preliminary hearing. The chance viewing of appellant when he was brought into the courtroom with four other persons was not impermissibly suggestive, and was not tainted by police procedures. *McClesky v. State*, 245 Ga. 108, 110 (2) (263 SE2d 146) (1980). Further, since there is no right to counsel at a pre-indictment lineup, *Burgess v. State*, 242 Ga. 889, 891 (3) (252 SE2d 391) (1979), it follows there would be no right to counsel at an unplanned, chance encounter between the perpetrator and the victim of an offense.

Since the pretrial confrontation was not tainted, it would not affect the admissibility of an in-court identification. Further, Evans testified that he observed appellant face to face in a well-lighted area when appellant pushed open the apartment door and placed a gun at Evans' head. Evans stated he got a good look at appellant and remembered his face. Thus, the in-court identification was independent of the chance encounter at the preliminary hearing, and it was not error to allow the in-court identification. *Harley v. State*, 160 Ga. App. 613, 614 (287 SE2d 582) (1981).

2. Appellant contends he was denied his right to actively participate in his own defense, arguing that under the rulings in *Jackson v. State*, 149 Ga. App. 496 (254 SE2d 739) (1979) and *Moody v. State*, 153 Ga. App. 866 (267 SE2d 291) (1980), it is reversible error to deny a request that a defendant be allowed to act as co-counsel with his attorneys. When appellant made his request the trial court informed him that he could represent himself or be represented by his two attorneys who were present, but he could not do both. Under the holdings in *Jackson* and *Moody*, supra, that ruling was error because Art. I, Sec. I, Par. IX of the Constitution of Georgia, 1976 (former Code Ann. § 2-109), provided that no person could be deprived of the right to defend himself, in person, by attorney, *or both*. However, in the instant case appellant was identified positively as one of the robbers; he acknowledged putting items stolen from the Evanses in Franklin's car when appellant was apprehended; and Evans' car, also taken in the robbery, was parked just behind Franklin's car when appellant

was apprehended. In view of the overwhelming evidence of appellant's guilt and the fact that he was represented by two able counsel who defended him in a very competent manner, denial of the motion constituted harmless error. *Burney v. State*, 244 Ga. 33, 36 (2) (257 SE2d 543) (1979).

We note parenthetically that Art. I, Sec. I, Par. IX, Constitution of Georgia, 1976, has been superseded by Art. I, Sec. I, Par. XII, Constitution of Georgia, 1983, and a person no longer has the right to represent himself and also be represented by an attorney, i.e., the right to act as co-counsel.

3. Appellant contends it was error to allow into evidence a "mug shot" of appellant with an identification number from the Atlanta Police Department around his neck. Appellant argues that because the mug shot bore a date seven days after his arrest on the instant charges, the mug shot implied that appellant was re-arrested on a different charge, thereby placing his character in evidence. This contention has been decided adversely to appellant. *Lee v. State*, 237 Ga. 179, 180 (2) (227 SE2d 62) (1976); *Anderson v. State*, 152 Ga. App. 268, 269 (2) (262 SE2d 560) (1979); *Little v. State*, 135 Ga. App. 772 (1) (219 SE2d 19) (1975). Further, appellant testified that he was in the Atlanta jail from the date of his arrest for the instant offenses on April 8, 1982 until April 14, 1982, the date the photograph was taken. Thus, any possible implication that appellant was re-arrested for a different offense was eliminated by appellant's testimony.

4. Appellant contends it was error to deny his motion for a mistrial based on improper questions by the prosecuting attorney on cross-examination of appellant. In this regard, State's Exhibit 8 was a certified copy of a prior conviction of appellant for theft by receiving stolen property. It was admitted because appellant was charged with possession of a firearm by a convicted felon. On cross-examination the prosecuting attorney asked appellant if the exhibit showed that he entered a plea of not guilty to the offense of theft by receiving stolen property, and appellant moved for a mistrial on the basis of this question. He contends denial of his motion was error. We do not agree.

Appellant argues that the question was an attempt to discredit appellant by testimony inadmissible for the purpose of impeachment. While it is true that a witness cannot be discredited by his own testimony that he has been convicted of an offense involving moral turpitude, that rule has no application here. The exhibit was not offered to discredit appellant, but was already in evidence to show that he was a convicted felon, an essential element of one of the offenses charged. It is clear from the transcript that the prosecuting attorney was only verifying appellant's signature on the exhibit and that he was the person named in the exhibit. Although appellant argues that the question was asked only to prejudice appellant we fail to find prejudice in

the question complained of, since the information elicited from appellant was already before the jury on the face of State's Exhibit 8. A trial court has broad discretion in ruling on a motion for mistrial, and this court will not reverse such a ruling in the absence of a manifest abuse of discretion and a mistrial is essential to preserve a defendant's right to a fair trial. *McCormick v. State*, 152 Ga. App. 14, 15 (2) (262 SE2d 173) (1979). We find no abuse of discretion here.

5. Appellant contends the trial court erred by charging the jury that an impeached witness may be sustained by proof of the general good character of the witness. Appellant contends that the victim, Evans, was impeached by contradictory statements he made at a preliminary hearing and the state made no effort to sustain him by proof of his general good character. Thus, appellant argues that the court's charge was not adjusted to the evidence and was error.

The court's charge was based on OCGA § 24-9-83, which contains the language complained of by appellant. Although a portion of the court's charge was not based on the evidence and was surplusage, an erroneous charge touching a theory not in issue under the evidence, unless prejudicial and harmful as revealed by the record, does not require or demand a reversal. *Davis v. State*, 167 Ga. App. 701, 702 (1) (307 SE2d 272) (1983). We find nothing prejudicial or harmful in the court's charge, for in addition to the charge complained of the court charged fully on impeachment, including a charge that if the jury determined a witness had been impeached as to a material matter, his credit as to other matters was for determination by the jury. Under such circumstances, we find no error.

6. Lastly, appellant contends the trial court erred by failing to give his requested charge on equal access and by failing to charge on the defense of alibi.

a. Appellant requested a charge that merely finding contraband on premises occupied by a defendant will not support a conviction if it affirmatively appears that persons other than the defendant had an equal opportunity to commit the crime. While this is a correct statement of the equal access rule, *Gee v. State*, 121 Ga. App. 41, 42-43 (1) (172 SE2d 480) (1970), it has no application to the facts in the instant case. Appellant was charged with the armed robbery of Evans and his wife and possession of a firearm by a convicted felon. Possession of the property taken in the armed robbery is not an element of that offense; it is merely circumstantial evidence that appellant was one of the persons involved in the robbery. Further, appellant was seen in possession of a shotgun taken in the robbery, and told the police he put the shotgun and other property taken in the robbery in Cynthia Franklin's car. He also told the police Franklin knew nothing about the property. Thus, equal access by other persons to the property found in Franklin's car was not in issue, and when a requested charge

deals with a matter not in issue, it is not error for a trial court to deny the request. *Anderson v. State*, 163 Ga. App. 603, 604 (4) (295 SE2d 564) (1982).

b. In regard to appellant's contention of error in the court's failure to charge on alibi, appellant made no request for such a charge. Absent a request, it is ordinarily not error to fail to charge specifically on alibi. *Rivers v. State*, 250 Ga. 288, 300 (8) (298 SE2d 10) (1982); *Brown v. State*, 251 Ga. 598, 602 (5) (308 SE2d 182) (1983).

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED MAY 9, 1984 —
REHEARINGS DENIED JUNE 1 AND JUNE 14, 1984 — 

*Patrick F. McMahon*, for appellant.

Larry Jones, *pro se*.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Robert A. Weathers, Assistant District Attorneys*, for appellee.