41126. NELMS v. GEORGIAN MANOR CONDOMINIUM ASSOCIATION, INC. et al.

(321 SE2d 330)

GREGORY, Justice.

During 1962 appellee Bagby Electric Company (Bagby) installed an elevator, which it had also designed and manufactured, in the Georgian Manor Condominium. In May 1981, appellant Nelms was injured while working on this elevator. He filed suit against Bagby alleging that Bagby negligently manufactured and installed the elevator, and that this negligence was the proximate cause of his injuries. Bagby filed a motion for summary judgment, contending the action was time barred by OCGA § 9-3-51. Appellant opposed the motion and on July 18, 1983, filed a motion for partial summary judgment, maintaining that OCGA § 9-3-51, as applied to him, denied him access to the courts in violation of Art. I, Sec. I, Par. IX of the Constitution of the State of Georgia, 1976. The trial court determined that the statute is not unconstitutional as applied to appellant under the 1976 Constitution and denied his motion for partial summary judgment. The trial court further granted Bagby's motion for summary judgment, finding no disputed issues of fact and that the suit is barred by OCGA § 9-3-51 (a).

On appeal appellant maintains OCGA § 9-3-51 is unconstitutional under the 1983 Constitution, Art. I, Sec. I, Par. XII. "The constitutionality of a law is to be determined by the constitution in effect on the date the law became effective and by the constitution now in effect." *Building Auth. of Fulton County v. State of Georgia,* 253 Ga. 242, 243 (321 SE2d 97) (1984). The Constitution of 1945 was in effect when OCGA § 9-3-51 became effective. Therefore we will consider the constitutionality of OCGA § 9-3-51 under the Constitution of 1945, Art. I, Sec. I, Par. IV[1] and the Constitution of 1983, Art. I, Sec. I, Par. XII.

1. OCGA § 9-3-51 (a) provides, in pertinent part, that no action

---

[1] Art. I, Sec. I, Par. IV of the Constitution of 1945 is identical to Art. I, Sec. I, Par. IX of the Constitution of 1976 which the trial court applied in this case.

to recover damages for personal injury arising out of "any deficiency in the survey or plat, planning, design, specifications, supervision or observation of construction or construction of an improvement to real property . . . shall be brought against any person performing or furnishing the survey or plat, design, planning, supervision, or observation of construction, or construction of such an improvement more than eight years after substantial completion of such improvement."

The only issues presented by this case are whether this statute unconstitutionally bars any "right of access to the courts" appellant may have by virtue of Art. I, Sec. I, Par. IV of the Constitution of 1945 or by virtue of Art. I, Sec. I, Par. XII of the Constitution of 1983.

The Constitution of 1945, Art. I, Sec. I, Par. IV provided, *"Right to the Courts.* No person shall be deprived of the right to prosecute or defend his own cause in any of the courts of this state, in person, by attorney or both."

The Constitution of 1983, Art. I, Sec. I, Par. XII provides, *"Right to the Courts.* No person shall be deprived of the right to prosecute or defend, either in person or by attorney, that person's own cause in any of the courts of this state."

Relying on the interpretations Kentucky, Florida and Alabama have given to their state constitutional provisions which, in general, provide that all courts shall be open to every person for the redress of an injury done him,[2] appellant argues that the 1983 Constitution, Art. I, Sec. I, Par. XII, "prohibits the legislature from ever abolishing a cause of action unless there is shown to be an overpowering public necessity and absence of any less onerous alternative" for doing so.

Each of authorities relied on by appellant has held that where a right of access to the courts is clearly established by the state constitution, the constitution prohibits the legislative branch from abolishing existing common law or statutory rights of action for personal injuries caused by negligence. Each case has, therefore, concluded that statutes seeking to insulate architects and builders from liability for negligence after the passage of a specified number of years violates the state constitutional provision granting a right of access to the

---

[2] Section 14 of the Constitution of Kentucky provides "All courts shall be open and every person, for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay."

Art. I, Sec. 21 of the Florida Constitution provides, "The courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay."

· Article I, Sec. 13 of the Alabama Constitution provides, "All courts shall be open, and that every person, for any injury done him in his lands, goods, person or reputation, shall have a remedy by due process of law; and right and justice shall be administered without sale, denial or delay."

courts.[3]

The threshold question in this case is whether the purpose of either Art. I, Sec. I, Par. IV of the 1945 Constitution, or Art I, Sec. I, Par. XII of the 1983 Constitution is to provide a "right of access" to the courts within the meaning applied to that phrase by the appellant and by the courts in Kentucky, Alabama and Florida.

2. We first consider the Constitution of 1945.

The predecessor to Art. I, Sec. I, Par. IV of the 1945 Constitution first appeared in the Constitution of 1877. Art. I, Sec. I, Par. IV of that constitution stated, *"Right to the Courts.* No person shall be deprived of the right to prosecute or defend his own cause in any of the courts of this State, in person, by attorney or both." The wording of this paragraph remained unchanged in the Constitution of 1945, Art. I, Sec. I, Par. IV and the Constitution of 1976, Art. I, Sec. I, Par. IX.

The constitutional history of this paragraph shows that it was proposed at the Constitutional Convention of 1877 to ensure, in the language of its proponent, Mr. Tift, "that every person shall be permitted to prosecute or defend his own case in any of the courts of this state. In some of the courts they have a provision that no person shall appear without an attorney. At any rate, that is the practice in nearly all the courts. In cases where persons are not able to employ attorneys, the court appoints one for [them]. Yet, I think, in every case, the person should have the right to appear himself, and by attorney also. I call for the division." Small's *A Stenographic Report of the Proceedings of the Constitutional Convention Held in Atlanta, Georgia,* 1877 (Constitution Publishing Company, Atlanta, 1877). This court, after examining this constitutional history, construed the provision in the Constitution of 1945 "as primarily intended to guarantee the right of self-representation in the courts of this State . . . or by an attorney, or both, and as only incidentally recognizing the inherent right of access to the courts." *Bloomfield v. Liggett & Myers, Inc.,* 230 Ga. 484 (198 SE2d 144) (1973). We conclude that Art. I, Sec. I, Par. IV of the 1945 Constitution was not intended to afford a general "right of access" to the courts of this state, but that its purpose, as this court stated in *Bloomfield v. Liggett & Myers,* supra, was to provide the right of self-representation to every person. Therefore,

---

[3] See Saylor v. Hall, 497 SW2d 218 (CA Ky. 1973); Overland Constr. Co. v. Sirmons, 369 S2d 572 (SC Fla. 1979); Jackson v. Mannesmann Demag Corp., 435 S2d 725 (SC Ala. 1983). For cases which have held that the "right of access" provision in the state constitution does not prevent the legislature from altering common law or statutory causes of action, see Twin Falls Clinic &c. Corp. v. Hamill, 644 P2d 341 (SC Idaho 1982); Freezer Storage, Inc. v. Armstrong Cork Co., 382 A2d 715 (SC Pa. 1978); Reeves v. Ille Electric Co., 551 P2d 647 (SC Montana 1976); Josephs v. Burns, 491 P2d 203 (SC Oregon 1971). In each of these cases the court upheld the validity of a statute of repose for architects and builders in light of the "right of access" state constitutional provision.

OCGA § 9-3-51 does not deny appellant access to the courts in violation of this constitutional provision. As the language of this paragraph remained unchanged in the 1976 Constitution, Art. I, Sec. I, Par. IX, we also hold that the trial court was correct in ruling that OCGA § 9-3-51 does not deny appellant a right of access to the courts under the 1976 Constitution.

3. The constitutional history of Art. I, Sec. I, Par. XII of the Constitution of 1983 is equally illuminating. The transcripts of the meetings of the Committee to Revise Article I of the Constitution of Georgia,[4] the meetings of The Select Committee on Constitutional Revision,[5] and the meetings of the Legislative Overview Committee,[6] indicate that the sole purpose underlying the revision and adoption of Art. I, Sec. I, Par. XII was to define and protect the right of an individual to represent himself in the courts of this state.

The primary issues debated during the two years of discussion of this paragraph were whether the "or both" language should be deleted from the 1976 Constitution,[7] and the possible consequences of this version.

The vastly broader question of whether this paragraph affords an individual the right of access to the courts within the meaning appellant urges was never an issue in the discussions. While it is axiomatic that an individual must have access to the courts in order to assert the right of self-representation provided by Art. I, Sec. I, Par. XII, we decline to give this constitutional provision the expansive interpretation sought by appellant. Thus, Art. I, Sec. I, Par. XII is a "right of choice" (between self-representation and representation by counsel) provision, and not an "access to the courts" provision such as found in the constitutions of Florida, Kentucky and Alabama. We hold OCGA § 9-3-51 does not violate Art. I, Sec. I, Par. XII of the Constitution of the State of Georgia, 1983.

*Judgment affirmed. All the Justices concur.*

---

[4] See Transcripts, The Committee to Revise Article I of the Constitution of Georgia, October 4, 1979, pp. 65-68; October 25, 1979, pp. 59-63; October 26, 1979, pp. 4-10; November 9, 1979, pp. 32-52 and November 30, 1979, pp. 9-27.

[5] See Transcripts, The Select Committee on Constitutional Revision, December 17, 1979, pp. 26-7 and June 4, 1981, pp. 37-8.

[6] See Transcripts, The Legislative Overview Committee, June 4, 1981, pp. 37-8 and June 17, 1981, pp. 36-41.

[7] In *Burney v. State*, 244 Ga. 33 (257 SE2d 543) (1979), a four-Justice majority of this court determined that Art. I, Sec. I, Par. IX of the Constitution of 1976 permitted an individual who had an attorney representing him at trial to assert his right of self-representation under this paragraph and actively participate in the trial as co-counsel. Proponents of the revision argued that elimination of the "or both" language would, concomitantly, eliminate the problems created by this procedure. The "or both" language was omitted from Art. I, Sec. I, Par. XII of the 1983 Constitution.

DECIDED OCTOBER 11, 1984.

*Carr, Abney & Tabb, W. Pitts Carr, J. Renee Kastanakis,* for appellant.

*Duncan & Mangiafico, George E. Duncan, Jr.,* for appellees.