## 46219. SEAGRAVES v. THE STATE.
### (376 SE2d 670)

BELL, Justice.

This case comes to this court on certified questions from the Georgia Court of Appeals concerning the relationship between a recent decision of this court, *Cherry v. Coast House,* 257 Ga. 403 (3) (359 SE2d 904) (1987), and earlier decisions of this court, *Cargill v. State,* 255 Ga. 616 (3) (340 SE2d 891) (1986), and *Nelms v. Georgian Manor Condominium Assn.,* 253 Ga. 410 (3) (321 SE2d 330) (1984). In *Cherry* and *Cargill* this court applied the 1983 Ga. Const., Art. I, Sec. I, Par. XII, to determine whether the appellants had the right to simultaneously be represented by counsel while representing themselves as co-counsel. In *Nelms* we commented in dictum on the 1983 constitutional provision and its predecessor in the 1976 Ga. Const., Art. I, Sec. I, Par. IX.

In the order certifying its questions to this court, the Court of Appeals indicated that it believes that these three cases leave unclear "in a case in which the appellant seeks or has sought to act in the capacity of co-counsel, . . . whether his efforts are entitled to judicial recognition and consideration pursuant to [the 1983 Constitution]," certification order, p. 5. In its certified questions the Court of Appeals asks this court to address this issue. We shall do so later in this opinion, after we summarize the constitutional and interpretational history that underlies the questions.

The 1983 Ga. Const., Art. I, Sec. I, Par. XII, provides that "[n]o

person shall be deprived of the right to prosecute or defend, either in person or by an attorney, that person's own cause in any of the courts of this state." The comparable paragraph of the 1976 Const., Art. I, Sec. I, Par. IX, provided that "[n]o person shall be deprived of the right to prosecute or defend his own cause in any of the courts of this State, in person, by attorney, *or both*." (Emphasis supplied.)

In *Burney v. State*, 244 Ga. 33 (2) (257 SE2d 543) (1979), "a four-Justice majority of this court determined that Art. I, Sec. I, Par. IX of the Constitution of 1976 permitted an individual who had an attorney representing him at trial to assert his right of self-representation under this paragraph and actively participate in the trial as co-counsel." *Nelms*, supra, 253 Ga. at 413, fn. 7.

The constitutional paragraph applied in *Burney* was subsequently altered during the creation of the 1983 Constitution by, inter alia, deletion of the term "or both." The meaning of this deletion was addressed in *Jones v. State*, 171 Ga. App. 184, 186 (2) (319 SE2d 18) (1984), in which the Court of Appeals indicated in dictum that under the new constitution "a person no longer has the right to represent himself and also be represented by an attorney, i.e., the right to act as co-counsel." Several months later, in *Nelms*, supra, 253 Ga. at 413 and fn. 7, this court indicated, also in dictum, that the purpose of omitting the "or both" language was to eliminate the problems created by the *Burney* interpretation of the 1976 provision.

In *Cargill*, supra, 255 Ga. at 622-623, the issue was whether the appellant had been "deprived of his constitutional right of self-representation through the trial court's refusal to permit him to serve as co-counsel in his own defense," id. at 622. We answered this question by, inter alia,[1] adopting the dictum from *Jones*, supra, 171 Ga. App. at 186, thus finding that under the 1983 Constitution a person no longer has a right to act as his own co-counsel.[2]

In *Cherry*, supra, 257 Ga. at 405-406, we again applied the 1983 Const., Art. I, Sec. I, Par. XII. In *Cherry* the trial court had disqualified a lawyer, Rolleston, from representing himself "because an appearance had been made for him by other attorneys," id. at 406. Rolleston appealed, and we reversed the court's ruling on this issue. Stating the question to be answered as "whether a person must be forced to choose between representing himself and being represented by counsel under the change which has occurred in the Constitution,"

---

[1] We also held that the Sixth Amendment does not confer on a criminal defendant "the hybrid right to simultaneously represent himself and be represented by counsel." *Cargill*, supra, 255 Ga. at 622.

[2] *Cargill* did not cite another Court of Appeals case, *Sanborn v. State*, 176 Ga. App. 259 (2) (335 SE2d 719) (1985), that, directly applying the 1983 constitutional provision, held that a "person no longer has the right to represent himself and *also* be represented by an attorney," id. at 259-260 (emphasis in original).

we found "that the right to represent oneself does not evaporate when an attorney is hired." Id. As the Court of Appeals observed in its certification order in this case, order at 5, "[i]n so holding, the Supreme Court did not expressly overrule or distinguish its earlier decisions in [*Nelms* and *Cargill*]."

In September 1988, the Court of Appeals certified its questions to us regarding the relationship between *Cherry*, on the one hand, and *Cargill* and *Nelms* on the other. The text of the questions is as follows:

1. Did the decision in *Cherry v. Coast House,* supra, implicitly overrule earlier Supreme Court decisions which had interpreted the 1983 Constitutional provision as a "right of choice" provision, so that the controlling construction of the 1983 constitutional provision is now consistent with that given to the former 1976 constitutional provision in *Burney v. State*, supra?

2. Or, is the decision in *Cherry v. Coast House,* supra, distinguishable from the earlier Supreme Court decisions, so that the existing 1983 constitutional provision is construed as a "right of choice" provision under certain circumstances, but as a "right to act as co-counsel" provision in other circumstances?[3]

After careful review of the cases in question, we find that *Cherry* is not in conflict with *Nelms* and *Cargill*,[4] because it is distinguishable on its facts. The distinguishing factor in *Cherry* is that the party who sought to act as his own co-counsel was himself a lawyer. Although there was some risk that allowing him to do so would disrupt the proceedings, see *Cherry*, supra, 257 Ga. at 406, the risk was significantly less than in instances where a person who is not a lawyer seeks to be his own co-counsel. A lawyer acting as his own co-counsel presumably is familiar with courtroom procedure, is experienced in working with other lawyers as co-counsel in representing clients, and is professionally committed to the goal of avoiding disruption of judicial proceedings. Moreover, he is subject to disciplinary rules and procedures if he does disrupt the proceedings.

---

[3] After the Court of Appeals certified these questions, this court published an opinion in the case of *Hance v. Kemp*, 258 Ga. 649 (1) (373 SE2d 184) (1988). In that decision this court stated, id. at 650, that:

As a result of changes in the Georgia Constitution, a criminal defendant in Georgia " 'no longer has the right to represent himself and also be represented by an attorney, i.e., the right to act as co-counsel.' [Cit.]" *Cargill*, supra, 255 Ga. at 623.

[4] And *Hance*. See fn. 3 of this opinion.

Accordingly, we hold that under the 1983 Ga. Const., Art. I, Sec. I, Par. XII, and *Cargill* and *Cherry*,[5] a layperson does not have the right to represent himself and also be represented by an attorney, but a lawyer does have such a right, subject to the authority of the trial court to limit the exercise of that right in order "to insure the orderly disposition of matters before it . . . ," *Cherry*, supra, 257 Ga. at 406.

The first certified question of the Court of Appeals is hereby answered in the negative, and the second question is answered in the positive.

*First certified question answered in the negative, and second certified question answered in the positive. All the Justices concur.*

DECIDED MARCH 2, 1989.

*Floyd W. Keeble, Jr.,* for appellant.
*Lindsay A. Tise, Jr., District Attorney,* for appellee.

