A98A1588. TAYLOR v. THE STATE.
(504 SE2d 57)

BLACKBURN, Judge.

Shep Edward Taylor appeals his convictions of running a stop sign and driving after being declared a habitual violator of the laws relating to motor vehicles.[1] Taylor contends that the trial court erred by refusing to charge the jury on mistake of fact and by improperly admitting certain evidence of his prior driving record. For the reasons set forth below, we affirm.

On the morning of September 29, 1995, Officer Johnny Kennedy of the Georgia State Patrol saw Taylor run a stop sign. After Taylor pulled off the road, Kennedy asked Taylor for his driver's license. Instead of his license, Taylor handed Kennedy an official notice from the Department of Public Safety that his license had been suspended indefinitely. Kennedy then ran Taylor's license number through the police computer and confirmed that the license had been suspended. This search also revealed that Taylor was an habitual violator. Ken-

---

[1] Taylor was also charged with possession of cocaine; however, a mistrial was declared on this count due to a hung jury.

nedy then arrested Taylor for running a stop sign and driving while being a habitual violator with a suspended license.

1. In his first enumeration of error, Taylor contends that the trial court erred by refusing to charge the jury on mistake of fact. During trial, Taylor presented a receipt for the payment of $60 issued to him on September 8, 1994 by the Department of Public Safety. In its "for" line, this receipt states "Reinstated" followed by an illegible number, and the receipt was signed by Wendy Walker, an employee of the Georgia State Patrol who handles insurance cancellations. Kennedy testified: "If you let your insurance lapse and run out, [Walker] can reinstate your insurance, but that's all she does." In addition, a motor vehicle report which was admitted into evidence without objection indicates that Taylor had a "no proof of insurance" reinstatement on September 8, 1984, while his other driving offenses remained.

Taylor contends that he was operating his vehicle based on the mistake of fact that the receipt that he received from Walker fully reinstated his license. Taylor, however, did not testify at trial, and the evidence adduced did not support a charge on such a mistake of fact. Indeed, the only evidence presented at trial indicated that Walker could only reinstate a license with regard to insurance violations, and there was no evidence whatsoever regarding the meeting between Walker and Taylor as neither one of them testified. Therefore, contrary to Taylor's argument, the word "Reinstated" on the receipt from the Department of Public Safety alone would not support his request to charge, and there was no other evidence indicating that Taylor may have been operating his vehicle under a misapprehension of fact. "While a trial court is required to charge on a criminal defendant's sole defense of mistake of fact even absent a request to do so, such a charge is not required where, as here, it is not authorized by the evidence." (Citations omitted.) *Gunter v. State*, 155 Ga. App. 176, 177 (3) (270 SE2d 224) (1980).

Moreover, "[a] mistake of fact is defined as 'a misapprehension of fact which, if true, would have justified the act or omission.' OCGA § 16-3-5. Failure to give a charge on mistake of fact is not error where the evidence shows that a party has made a mistake of law. . . . It is axiomatic that everyone is presumed to know the law and ignorance thereof is not an excuse for its violation. Thus, the mere fact that [Taylor] may have been ignorant of the continued existence of his habitual violator status and the resultant consequences did not, in and of itself, afford him any defense to the . . . charge of which he was convicted." (Citation and punctuation omitted.) *Turner v. State*, 210 Ga. App. 303, 304 (1) (436 SE2d 229) (1993).

2. In his second enumeration of error, Taylor contends that the trial court erroneously admitted his driving record into evidence. During trial, two documents were admitted into evidence which con-

tained information concerning Taylor's driving record. One was an "official notice of revocation" from the Department of Public Safety to Taylor which informed Taylor both that his license was being revoked and that he had been declared a habitual violator, and that listed three offenses which formed the basis for Taylor's habitual violator status. Taylor objected to the four-page exhibit containing this document "only as to the fact that some of that may . . . place his character in issue."[2] Taylor, however, failed to specify exactly what portions of the State's exhibit he found objectionable. The other document admitted into evidence was a police motor vehicle report which listed all of Taylor's driving offenses, including the three offenses which were the basis for his habitual offender status. Taylor did not object to the admission of this document.

It is unclear from Taylor's enumeration which document's admission he now claims was error. Regardless, we find that both documents were appropriately admitted by the trial court. As Taylor did not object to the admission of his police motor vehicle record below, he waived his right to complain about such admission before this Court. See *Arrington v. State*, 224 Ga. App. 676, 678 (3) (482 SE2d 400) (1997). Also, any argument made by Taylor that admission of the "official notification of revocation" was error because the driving violations listed thereon improperly brought his character into evidence is untenable. The same violations listed on the "official notice of revocation" were also listed on the police motor vehicle report to which Taylor did not object. "Where certain evidence is admitted over objection, but similar evidence to the same effect is admitted without objection, the admission of the evidence objected to will not constitute reversible error, even if the admission of the evidence was erroneous." (Punctuation omitted.) *Ardeneaux v. State*, 197 Ga. App. 640 (2) (399 SE2d 258) (1990).

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED JULY 1, 1998.

*Hal T. Peel*, for appellant.

*Dupont K. Cheney, District Attorney, James S. Archer, Assistant District Attorney*, for appellee.

---

[2] The remainder of this exhibit consisted of a certified mail receipt and a police printout confirming the suspension of Taylor's license.