STATE of Missouri, Appellant,

v.

Martiez DAVIS, Respondent.

No. 74533.

Missouri Court of Appeals,
Eastern District,
Writ Division Six.

Sept. 29, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 18, 1998.

Application for Transfer Denied
Dec. 22, 1998.

---

Dwight A. Warren, Asst. Cir. Atty., St. Louis, for appellant.

Deborah B. Wafer, Karen Elizabeth Kraft, Asst. Public Defenders, St. Louis, for respondent.

RHODES RUSSELL, Presiding Judge.

The state filed this interlocutory appeal of the trial court's order suppressing defendant's videotaped confession pursuant to section 547.200 RSMo 1994. The state argues that the trial court erred in finding that defendant did not voluntarily, knowingly, and intelligently waive his *Miranda* rights. We agree, and reverse and remand the case for further proceedings.

Following defendant's arrest on charges unrelated to the current prosecution, he was read *Miranda* warnings, which he waived. Defendant initially made an oral statement denying involvement in the murder of victim,

his 13–year–old neighbor. Victim's blood was found on both defendant's jacket and a fork in the pocket. Police questioned defendant again at which time he made an oral statement confessing to involvement in the murder. Police asked defendant if he would make the same statement on video. He consented and was escorted to a video section of the police department. On camera, police again advised defendant of his *Miranda* rights. After the reading of each right, he acknowledged that he understood that right. Defendant subsequently consented to waive those rights and made a videotaped confession which is the subject of this interlocutory appeal.

Defendant's counsel made a motion to suppress both defendant's initial oral confession as well as the videotaped confession. The trial court denied defendant's motion as to the oral statement, but sustained the objection to the videotape. The state now appeals the trial court's suppression of the videotaped statement.

■ The state contends the trial court erred in sustaining defendant's motion to suppress the videotaped confession, arguing that there was a preponderance of the evidence that defendant voluntarily, knowingly, and intelligently waived his *Miranda* rights. The state maintains that when the trial court considered two of the interrogating officers' statements, taken out of context, it failed to consider the totality of the circumstances.

■ On motions to suppress, the state bears the burden of showing by a preponderance of the evidence that the motion should be denied. *State v. Heyer,* 962 S.W.2d 401, 405 (Mo.App.1998). We view the facts in the light most favorable to the trial court's ruling, disregarding contrary evidence and inferences, to determine if they are supported by substantial evidence. The trial court's ruling on a motion to suppress evidence will be affirmed unless it is clearly erroneous. *Id.*

■ In order to introduce defendant's incriminating statements at trial, the prosecution must show that the evidence in question was obtained in compliance with *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct.

1602, 16 L.Ed.2d 694 (1966). *Miranda* requires that before suspects may be questioned while in custody, law enforcement officials must inform accused persons of their rights. *Miranda,* 384 U.S. at 444, 86 S.Ct. 1602. Defendant does not dispute that he was informed of his *Miranda* rights.

■ The prosecution must also prove by a preponderance of the evidence that defendants voluntarily, knowingly, and intelligently waived their *Miranda* rights. *State v. Powell,* 798 S.W.2d 709, 713 (Mo. banc 1990). The standards to determine whether a defendant knowingly and voluntarily waived those rights are relatively clear. The choice must be "uncoerced," and the defendant must be aware of his rights and the potential consequences of abandoning those rights. *State v. Debler,* 856 S.W.2d 641, 650 (Mo. banc 1993). Whether a defendant has waived his *Miranda* rights is judged by the totality of the circumstances. *Powell,* 798 S.W.2d at 713.

In the case at bar, the totality of the circumstances surrounding defendant's interrogation showed that he voluntarily, knowingly, and intelligently waived his *Miranda* rights. Defendant was informed of his *Miranda* rights, and that he was a suspect in victim's murder. Defendant subsequently made an oral confession. Following that statement, police officers asked defendant if he would make a statement on videotape memorializing the oral confession he had just made to the officers, and defendant agreed. No evidence was presented that defendant was under the influence of drugs or alcohol, nor that he suffered from any mental disease or defect during the interview.

On video, defendant was again informed of his rights and acknowledged that he understood those rights. Defendant was also told that questioning would cease at any time he wished to assert his right to remain silent. At no time during the video interview did defendant clearly assert that right.

■ The trial court stressed, and defendant now relies on, the following exchange:

FIRST OFFICER: This is-this is not television.

SECOND OFFICER: This is not television. This is a videotape, okay?

VOICE OFFSCREEN: What's gonna happen to this tape, I'll take that tape, make a copy for your attorneys and then I'll put it in the safe. Nobody else'll see it.

FIRST OFFICER: Nobody sees this.

VOICE OFFSCREEN: § inaudible$ truth.

FIRST OFFICER: Okay? You want to make a statement?

The trial court found that the above portion of dialogue "effectively erased and rendered ineffective the previous warning administered by [second officer] at the beginning of the videotaping session as to the potential use of any statements made." The court further found that "defendant reasonably believed and relied upon the promise made to him by the police that the statements about to be made could never be used against him in a Court."

Although the trial court's findings, after quoting the exchange at issue, note "Where upon, the defendant made a statement on video tape," the defendant did not, in fact, agree to make a statement following that exchange. Defendant expressed further concerns regarding both his statement being on television and whether or not it would be "better" to make a statement. In addition, several exchanges were had prior to the excerpt quoted by the trial court in which police officers attempted to explain to defendant the distinction between television and the videotape procedure. Taken in context, the dialogue was as follows:

FIRST OFFICER: Do you want to talk about the same thing we talked about all over?

DEFENDANT: Not-not on this.

FIRST OFFICER: What?

DEFENDANT: Not on this.

FIRST OFFICER: I don't understand what you mean.

DEFENDANT: Not on this, like, TV.

FIRST OFFICER: Oh, no. This is-this is not-

SECOND OFFICER: This is not-

FIRST OFFICER: This is not television where it's to say like Channel 2, 4, 5, or 30. This is not-this is not that. This is-this is our own television section here. You know, this is how we videotape it, videotape, uh, statements from people. Okay? So you want to give up those rights and make a statement to us?

DEFENDANT: If it's gonna be for the best.

FIRST OFFICER: Well, yes or no?

DEFENDANT: Is it?

FIRST OFFICER: Yes or no, do you want to make a statement?

DEFENDANT: Not on this.

FIRST OFFICER: What do you mean "not on this"?

DEFENDANT: TV.

FIRST OFFICER: This is-this is not television.

SECOND OFFICER: This is not television. This is a videotape, okay?

VOICE OFFSCREEN: What's gonna happen to this tape, I'll take that tape, make a copy for your attorneys and then I'll put it in the safe. Nobody else'll see it.

FIRST OFFICER: Nobody sees this.

VOICE OFFSCREEN: $inaudible$ truth.

FIRST OFFICER: Okay? You want to make a statement?

DEFENDANT: $no response$

FIRST OFFICER: This is not going to be on television, if that's what you're thinking. No. Doesn't happen like that. You know howyou got videocameras. You've seen how videocameras work? It's the same thing here. That's-that all it is. So, you want to waive those rights and make a statement to us?

DEFENDANT: If it's for the better I do.

FIRST OFFICER: Well, you decide. Is it-is it for your better? Is it for the betterment of you?

DEFENDANT: $no response$

FIRST OFFICER: I can't make that decision for you, Martiez. You're going to have to make that decision for yourself. Again, like I said, all we're gonna go over is basically the same questions that we did in the room. That's all it is.

DEFENDANT: $no response$

FIRST OFFICER: You want to make a statement?

DEFENDANT: I do, but I don't.

FIRST OFFICER: Well, what do you mean?

DEFENDANT: $pause of 12 seconds$ Yes, I'll-I'll make a statement.

Taken as a whole, this dialogue shows that the police officers attempted to clarify for defendant that his statement would not be broadcast to the general television viewing public. Even if the assertion that "nobody sees this" rises to the level of subterfuge or trickery, that does not automatically render defendant's statements inadmissible. *State v. Wilson,* 755 S.W.2d 707, 709 (Mo.App. 1988).

In *Wilson,* the interrogating detective told the defendant that he was not taping the interrogation although in fact he was. This court found that the detective's statement was insufficient to render the defendant's waiver of his *Miranda* rights ineffective. *Id.* We explained that trickery does not necessarily render statements involuntary, and therefore, inadmissible. Rather, statements obtained through subterfuge are admissible unless the deception offends societal notions of fairness or is likely to procure an untrustworthy confession. *Id.*

The defendant's statements made on videotape are consistent with his oral confession made to the police just minutes prior to the videotaping. Considering the totality of the circumstances, defendant waived his *Miranda* rights. Like the detective's statement in *Wilson,* the police officers' statements herein are not so offensive as to render defendant's confession involuntary. Nor do we find them likely to procure an untrue statement from the defendant. The trial court erred in sustaining defendant's motion to suppress.

The trial court's order suppressing defendant's videotaped statement is reversed and the case remanded for further proceedings consistent with this opinion.

GARY M. GAERTNER and JAMES R. DOWD, JJ., concur.