A99A0257. VICK v. THE STATE.
(516 SE2d 815)

Judge Harold R. Banke.

Perry Vick was convicted of aggravated assault, terroristic threats, hindering a law enforcement officer, fleeing and attempting to elude an officer, and possession of a firearm by a convicted felon. After the trial court granted an out-of-time appeal but denied the motion for new trial, Vick filed this direct appeal. See *Bohannon v. State*, 262 Ga. 697 (425 SE2d 653) (1993). Vick challenges the sufficiency of the evidence on certain counts and contends the trial court erred by refusing to allow him to present his own closing argument. *Held*:

1. Vick contends the evidence was insufficient to support a conviction for aggravated assault. The evidence was that Vick entered the passenger door of his wife's car and pointed a gun at her. Mrs. Vick had never been more scared in her whole life. She thought of running away but testified she knew she could not outrun a bullet. Vick threatened to kill her and even held the gun between her eyes.

A person commits the offense of aggravated assault when he assaults with a deadly weapon, which, when used offensively, is

likely to or actually causes serious bodily injury. OCGA § 16-5-21 (a) (2). There is no requirement that a victim be actually injured. See *Daughtry v. State*, 180 Ga. App. 711, 712 (1) (350 SE2d 53) (1986). Accord *Gilbert v. State*, 209 Ga. App. 483, 484 (1) (433 SE2d 664) (1993).

Vick also questions the conviction of possession of a firearm by a convicted felon because no gun was admitted at trial and there was little testimony describing the gun. The victim testified that defendant had a gun and threatened her with it. "There being no evidence that the [gun] was not a firearm, the evidence was sufficient to support the jury's finding that it was such beyond a reasonable doubt." *Head v. State*, 170 Ga. App. 324, 325 (1) (316 SE2d 791), rev'd on other grounds, 253 Ga. 429 (322 SE2d 228) (1984).

The evidence was sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979) to support conviction on these counts. Absent argument on the remaining counts any such argument is deemed abandoned. *Grimsley v. State*, 233 Ga. App. 781, 782 (505 SE2d 522) (1998).

2. Prior to the beginning of the trial, Vick's appointed counsel informed the court that Vick wanted to make his own closing argument. The court denied the request.

Vick relies on *Jackson v. State*, 149 Ga. App. 496, 499 (1) (254 SE2d 739) (1979) which reversed a conviction where the court refused to allow the defendant to speak during closing argument when he already had an attorney. The defendant had invoked his constitutional right to defend himself "in person, by attorney, or both." See Art. I, Sec. I, Par. IX, Constitution of Georgia, 1976. However, that constitutional provision has been superseded by Art. I, Sec. I, Par. XII, Constitution of Georgia, 1983, and a layperson no longer has the right to represent himself and also be represented by an attorney. *Seagraves v. State*, 259 Ga. 36, 39 (376 SE2d 670) (1989).

*Jackson v. State* also explains that the trial judge has broad discretion in regulating the conduct of counsel and witnesses and in prescribing the manner in which the business of the court shall be conducted. Id. It will be reversed only upon a showing of abuse. Id. We find no abuse of discretion in the trial court's ruling.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED APRIL 27, 1999.

*Neel & Smith, Barry S. Haney*, for appellant.

*T. Joseph Campbell, District Attorney, Kelly F. Herron, Assistant District Attorney,* for appellee.