## S99A1156. DAVIS v. THE STATE.
### (520 SE2d 218)

FLETCHER, Presiding Justice.

A jury convicted Jamin Ariel Rahann Davis of felony murder, kidnapping, and two firearm possession counts in connection with the shooting death of Jinwon Lee.[1] Davis moved to suppress a statement that he made to police on the grounds that he was not advised that he was being videotaped. Since the deception used here by the Gwinnett County Police Department did not induce Davis to confess, the trial court did not err in admitting the statement. Therefore, we affirm.

1. The evidence presented at trial shows that Jinwon Lee was kidnapped on Thanksgiving Day, placed in the trunk of his 1991 blue Honda, and shot three times. That evening, two witnesses saw a body in the trunk of a blue Honda when Davis and co-defendant Demetrios Washington picked up Washington's girlfriend, Mercy Saunders, from a party at a motel. Davis then drove them in the Honda to his home state of Mississippi where Lee's body was dumped in a lake bed on a rural road. Afterwards, Davis, Washington, and Saunders rested at a motel and visited with a friend of Davis before driving back to Atlanta. Washington and Saunders got out at his mother's home, and Davis drove the car to an office complex where he left it in the parking lot. Later, Davis told a friend that they sprayed the car with a window cleaner to wipe off any fingerprints. The car was discovered in mid-December, the body was recovered in late December, and Davis and Washington were arrested in January. In his custodial statement, which was videotaped and shown at trial, Davis said that Washington stole Lee's car, shot Lee as he was trying to escape from the trunk, and then threatened to shoot Davis if he left. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Davis guilty of the crimes charged.[2]

2. Davis argues that the trial court should have granted his motion to suppress his custodial statement because Gwinnett County investigators used deceit and trickery to coerce him into giving it. Specifically, he complains that the officers failed to inform him that the interview was being taped, used a hidden camera to videotape

---

[1] The shooting occurred in 1996 on Thanksgiving Day. Davis was indicted on June 11, 1997. A jury found him guilty on September 30, 1998, and the trial court sentenced him to two terms of life imprisonment for felony murder and kidnapping and five years imprisonment on each firearms charge. Davis filed a motion for a new trial on October 5, 1998, which was denied on March 24, 1999. Davis filed a notice of appeal on April 13, 1999; the case was docketed in the clerk's office on May 6, 1999; and oral arguments were heard on July 13, 1999.

[2] *Jackson v. Virginia*, 443 U.S. 307 (99 SC 2781, 61 LE2d 560) (1979).

him, and left him alone in the room in the hope of inducing him to make an incriminating statement.

To be admissible as evidence, a confession must be voluntary.[3] Here, the investigators' failure to explain the recording system to Davis is only one factor to consider in determining whether his statement was voluntary.[4] The trial court found that investigators advised Davis of his rights under *Miranda v. Arizona*[5] and that he was capable of understanding his rights, knowingly waived them, and was not coerced or threatened. Unlike the deception used in *State v. Ritter*,[6] where the detective made an implied promise of reduced charges when he falsely stated that the victim was still alive, the officers' action in this case did not give Davis any hope of a benefit or fear of an injury.[7] Based on the testimony at the *Jackson-Denno*[8] hearing, we conclude that the trial court did not err in ruling that Davis voluntarily and knowingly made his statement.[9]

3. The trial court did not abuse its discretion in declining to strike juror number 29 for cause, did not err in giving the jury charge on a party to a crime without evidence of what happened to Washington or Saunders,[10] and did not err in declining to charge that hindering the apprehension of a criminal is a lesser included offense of the crimes for which Davis was indicted.[11]

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 13, 1999 —
RECONSIDERATION DENIED OCTOBER 15, 1999.

*Chandler & Britt, Walter M. Britt, Deborah F. Weiss, Sherriann H. Hicks,* for appellant.

*Daniel J. Porter, District Attorney, Thurbert E. Baker, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula*

---

[3] OCGA § 24-3-50.
[4] See *Missouri v. Davis*, 980 SW2d 92, 96 (Mo. App. 1998).
[5] 384 U.S. 436 (86 SC 1602, 16 LE2d 694) (1966).
[6] 268 Ga. 108, 110 (485 SE2d 492) (1997).
[7] See *DeYoung v. State*, 268 Ga. 780, 789 (493 SE2d 157) (1997).
[8] 378 U.S. 368 (84 SC 1774, 12 LE2d 908) (1964).
[9] See *Matthews v. State*, 268 Ga. 798, 800 (493 SE2d 136) (1997).
[10] See OCGA § 16-2-21 (party to a crime may be convicted even though person who directly committed crime has not been prosecuted or convicted).
[11] See *Hill v. State*, 221 Ga. 65, 67 (142 SE2d 909) (1965) (a defendant who is indicted and tried for committing the crime of robbery cannot be convicted as an accessory after the fact).

*K. Smith, Senior Assistant Attorney General, Jeanne K. Strickland, Assistant Attorney General,* for appellee.