## S01A1677. LAWRENCE v. THE STATE.
(560 SE2d 17)

BENHAM, Justice.

This is an appeal from Marlin Lawrence's convictions for felony murder and possession of a firearm during commission of a felony.[1] Finding no error, we affirm.

1. The evidence at trial showed that Lawrence fired a pistol from his second-floor porch into a car stopped on the street below, and that 13-year-old Dominique Crawford, a passenger in the car, died from a gunshot wound to her head. An acquaintance with whom Lawrence was conversing when the car stopped testified at trial that Lawrence's co-indictee Williams handed Lawrence a pistol and Lawrence shot at and hit the car. Williams, who pleaded guilty to aggravated assault before trial, testified to essentially the same facts. A witness who had been incarcerated with Lawrence testified that Lawrence admitted the shooting. The evidence was sufficient to authorize a rational trier of fact to find Lawrence guilty beyond a reasonable doubt of the offenses of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Lawrence contends that his acquittal of malice murder is fatally inconsistent with his conviction for possession of a firearm during commission of a felony because murder was the underlying felony for the possession charge. However, since Georgia has rejected the inconsistent verdict rule, "a defendant cannot attack as inconsistent a jury verdict of guilty on one count and not guilty on a different count." *Dumas v. State*, 266 Ga. 797 (1) (471 SE2d 508) (1996).

3. Finally, Lawrence contends he was denied effective assistance of counsel by his trial counsel's failure to call certain witnesses and failure to impeach certain other witnesses by means of introducing certified copies of their convictions. At two hearings on Lawrence's motion for new trial, his trial counsel testified about his reasons for not calling the witnesses identified by Lawrence and for not impeaching witnesses by the introduction of documentary evidence. Primary among his reasons was the strategy of preserving the right to open and conclude closing argument by not putting on any evidence.[2]

---

[1] The crimes were committed on June 23, 1995, and Lawrence was indicted for malice murder, felony murder (aggravated assault), and possession of a firearm during commission of a felony on April 17, 1996. At a trial held on December 16-17, 1996, Lawrence was convicted of felony murder and possession of a firearm during commission of a felony, and was sentenced to life imprisonment for felony murder and five years, to be served consecutive to the life sentence, for possession of a firearm during commission of a crime. A motion for new trial filed on January 8, 1996, and twice amended after the appointment of new counsel, was denied on June 29, 2001. Pursuant to a notice of appeal filed on July 6, 2001, the appeal was docketed in this Court on August 9, 2001, and was submitted for decision on the briefs.

[2] OCGA § 17-8-71: "After the evidence is closed on both sides, the prosecuting attorney shall open and conclude the argument to the jury. If the defendant introduces no evidence,

Regarding the witnesses not called at trial, trial counsel testified that he was concerned that using Lawrence's mother and girlfriend as alibi witnesses, as Lawrence suggested, would not be credible, and that he was unaware of any exculpatory testimony the other two witnesses had to give. With regard to impeachment, trial counsel testified that he had sought to preserve the opportunity to open and conclude closing argument by attempting to elicit testimony undermining the credibility of Lawrence's co-indictee through cross-examining him about his criminal record rather than tendering convictions into evidence, and that he had no impeaching evidence for the other two witnesses Lawrence named in his motion for new trial.

"[P]reservation of the right to [open and conclude] closing argument . . . is a recognized strategy of trial counsel. . . . [Cit.] Similarly, the degree to which an attorney chooses to cross-examine . . . witnesses and the manner in which to attack their credibility fall within the ambit of trial tactics." *Harris v. State*, 274 Ga. 422, 427 (9) (554 SE2d 458) (2001).

> At the hearing on the motion for new trial, the burden was on appellant to establish that he received ineffective assistance of trial counsel. In assessing selection of trial tactics, every effort must be made to eliminate the distorting effects of hindsight. Additionally, the court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance as even the best criminal defense attorneys would not defend a particular client the same way. From the evidence presented at the hearing, the trial court was authorized to find that the failure of trial counsel to do what appellant now claims should have been done was due to counsel's trial strategy, and not a result of inadequate preparation or presentation. A review of the record persuades us that the trial court's rejection of [Lawrence]'s claim of ineffective assistance of counsel was not clearly erroneous and should be affirmed.

(Citations and punctuation omitted.) *Roberts v. State*, 267 Ga. 669, 672 (5) (482 SE2d 245) (1997).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 25, 2002.

*Zipperer & Lorberbaum, Eric R. Gotwalt*, for appellant.

his counsel shall open and conclude the argument to the jury after the evidence on the part of the state is closed."

*Spencer Lawton, Jr., District Attorney, Christine S. Barker, Assistant District Attorney, Thurbert E. Baker, Attorney General, Wylencia H. Monroe, Assistant Attorney General*, for appellee.