S03A0047. WASHINGTON v. THE STATE.
(581 SE2d 518)

BENHAM, Justice.

The body of Jinwon Lee, a native of South Korea who was attending school in Georgia, was found in Mississippi a month after he disappeared from Gwinnett County, Georgia. Appellant Demetrios Washington was convicted of and sentenced for malice murder, hijacking a motor vehicle, kidnapping with bodily injury, and two counts of possession of a firearm during the commission of a felony in connection with Mr. Lee's disappearance and death.[1] Appellant brings this appeal contesting the sufficiency of the evidence pre-

---

[10] *Patel*, 276 Ga. at 269; *Huntley*, 271 Ga. at 230.

[1] The crimes occurred on November 29, 1996. Appellant was arrested on January 7, 1997. On June 12, 1997, the Gwinnett County grand jury returned a true bill of indictment charging appellant and Jamin Ariel Davis with malice murder, felony murder/armed robbery, felony murder/hijacking a motor vehicle, armed robbery, hijacking a motor vehicle, kidnapping with bodily injury, possession of a firearm during the commission of a felony (armed robbery), and possession of a firearm during the commission of a felony (hijacking a motor vehicle). Davis was found guilty in a separate trial of felony murder, kidnapping, and two counts of possession of a firearm during the commission of a felony. His convictions were affirmed by this Court in *Davis v. State*, 271 Ga. 527 (520 SE2d 218) (1999). Appellant's trial commenced on June 8, 1998, and concluded on June 11 with the jury's return of guilty verdicts on all counts and the trial court's imposition of consecutive life sentences for malice murder and kidnapping with bodily injury; a consecutive twenty-year sentence for hijacking, and two consecutive five-year sentences for the two possession of a firearm convictions. Appellant filed an "Out-of-time Motion for New Trial" on July 17, 1998, that was supplemented when new appellate counsel, appointed March 7, 2002, asserted trial counsel had rendered ineffective assistance of counsel. After a hearing, the trial court denied the motion on July 16, 2002, and the notice of appeal was filed the following day. The record was docketed in the Court of Appeals on September 4, 2002, and transferred to this Court on September 6. It was submitted for decision on the briefs.

sented against him and contending his trial counsel did not provide him with effective assistance of counsel.

1. " '(I)t is the duty of this court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction.' " *Rowland v. State*, 264 Ga. 872 (1) (452 SE2d 756) (1995). Appellant timely filed a notice of appeal from the trial court's denial of his "out-of-time motion for new trial"; however, as is clear from the name of the pleading, appellant's motion for new trial was not timely filed within 30 days of the entry of conviction and imposition of sentence. OCGA § 5-5-40 (a). Generally, an untimely motion for new trial does not toll the 30-day period in which a notice of appeal must be filed and can result in the dismissal of the appeal due to the failure to file a notice of appeal within 30 days of the entry of the judgment of conviction and imposition of sentence. See *Porter v. State*, 271 Ga. 498 (521 SE2d 566) (1999). Where, however, a party obtains permission from the trial court to file an out-of-time motion for new trial and the trial court then denies the motion on its merits, a party is entitled to file a direct appeal in which the appellate court addresses the merits of the appeal from the denial of the out-of-time motion for new trial. *Bohannon v. State*, 262 Ga. 697 (425 SE2d 653) (1993); *Vick v. State*, 237 Ga. App. 762 (516 SE2d 815) (1999). See also *Balkcom v. State*, 227 Ga. App. 327, 328 (489 SE2d 129) (1997) (where the trial court did not grant leave to file an out-of-time motion for new trial, the pleading is treated as an extraordinary motion for new trial, the appeal of the denial of which must come by application under OCGA § 5-6-35 (a) (7)). Cf. *Porter v. State*, supra, 271 Ga. 498 (the appeal from denial of untimely motion for new trial appeal was dismissed; the trial court did not authorize Porter's untimely motion for new trial).

In the case at bar, the trial court, after consulting with the district attorney and appellant's trial counsel and with the State's consent, treated appellant's out-of-time motion for new trial as both a motion requesting permission to file an out-of-time motion for new trial and as a motion for new trial. While the trial court did not expressly grant appellant leave to file an out-of-time motion for new trial, the trial court implicitly granted such permission by expressly recognizing appellant's pleading as both a request to file an out-of-time motion for new trial and as a motion for new trial, by holding an evidentiary hearing on the merits of the motion for new trial, and by denying the motion for new trial on its merits. See *Jordan v. State*, 247 Ga. App. 551, 553 (544 SE2d 731) (2001). Because the trial court permitted appellant to file an out-of-time motion for new trial, we conclude we have appellate jurisdiction of the appeal and address the merits. *Bohannon v. State*, supra, 262 Ga. 697.

2. The State presented evidence that Mr. Lee was last seen by a

friend on November 28, 1996. His car, with a stolen Mississippi license plate, a broken rear driver's side window, and a bloodied trunk containing a .380-caliber bullet and two .380-caliber shell casings, was discovered two weeks later in the parking lot of a Gwinnett County office complex. A month after he was last seen, Mr. Lee's body was found wrapped in a car cover near a pond in rural Mississippi. The Mississippi forensic pathologist who performed the autopsy testified the victim had suffered three gunshot wounds, two to the left temple and one to the chest, any one of which would have been fatal. Based on information received from a man arrested for misdemeanor violations unrelated to this case, appellant was arrested on January 7, 1997. In a videotaped interview played for the jury, appellant told officers that he and Davis, his co-indictee, had come upon the victim on November 28 when they were in need of a ride to meet a friend. With Davis wielding a .380-caliber gun, the two hijacked the victim and his car from the parking lot of a Gwinnett County bowling alley. Appellant drove the stolen car to a nearby residential street where the victim was forced into the trunk. When the two perpetrators heard the victim kicking the trunk's lid, appellant stopped the car, Davis got out, opened the trunk, and fired gunshots. After picking up appellant's friend, the trio drove to Mississippi where appellant and his co-indictee removed the body from the trunk and put it and a car cover near a body of water alongside a back road. The trio stayed in Mississippi for a couple of days, obtained a stolen Mississippi license plate for the car, and then drove back to Georgia. The evidence was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

We take this opportunity to reiterate that the imposition of separate sentences on the convictions for malice murder and kidnapping with bodily injury is not error.[2] The two crimes do not merge as a matter of law (*Pryor v. State*, 238 Ga. 698, 701 (234 SE2d 918) (1977)), and they do not merge as a matter of fact since there was no requirement that the State prove the existence of malice aforethought to establish the charge of kidnapping with bodily injury, though malice aforethought had to be proven for the murder charge, and there was no requirement that the State prove the victim was unlawfully abducted to establish the murder charge, though such unlawful abduction had to be proven to establish kidnapping with bodily injury. *Potts v. State*, 241 Ga. 67, 79 (243 SE2d 510) (1978). See also *Braley v. State*, 276 Ga. 47 (28) (572 SE2d 583) (2002); *High v.*

---

[2] The kidnapping with bodily injury count of the indictment alleged the bodily injury to have been "gunshot wounds to [the victim's] head and chest[,]" which are the wounds that caused the death of the victim.

*Zant,* 250 Ga. 693 (18) (300 SE2d 654) (1983); *Waters v. State,* 248 Ga. 355 (11) (283 SE2d 238) (1981); *Brown v. State,* 247 Ga. 298 (9) (275 SE2d 52) (1981); *High v. State,* 247 Ga. 289 (12) (276 SE2d 5) (1981), overruled on other grounds in *Wilson v. Zant,* 249 Ga. 373 (290 SE2d 442) (1982). Any suggestion in *Griffin v. State,* 266 Ga. 115, 118, n. 5 (464 SE2d 371) (1995), and *Wilson v. State,* 264 Ga. 287 (4) (b) (444 SE2d 306) (1994), that malice murder and kidnapping with bodily injury could merge as a matter of fact is disapproved.

3. Appellant contends trial counsel rendered ineffective assistance of counsel when he failed to impeach a witness using a purported prior inconsistent statement; when he did not present a defense of coercion; and when he did not call character witnesses. After presiding over a hearing on the motion for new trial at which appellant and his trial counsel testified, the trial court determined that counsel rendered effective assistance.

> In order to establish ineffectiveness of trial counsel under *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), appellant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. [Cit.] There is a strong presumption that the performance of trial counsel "falls with the wide range of reasonable professional assistance. . . ." [Cit.] The reasonableness of the conduct is viewed at the time of trial and under the circumstances of the case.

*Stansell v. State,* 270 Ga. 147, 149 (2) (510 SE2d 292) (1998). In reviewing a lower court's determination of a claim of ineffective assistance of counsel, we give deference to the trial court's factual findings, which are upheld on appeal unless clearly erroneous; however, we review the lower court's legal conclusions de novo. *Callendar v. State,* 275 Ga. 115 (3) (561 SE2d 113) (2002).

(a) Appellant contends trial counsel was ineffective when he failed to impeach a witness whose testimony implicated appellant in the commission of these crimes, with the fact that the witness had not mentioned in his initial statements to police the threats of physical harm to which the witness testified at trial. While not impeached on this matter in the way appellate counsel would have liked, the witness was impeached on the subject. The transcript reflects that trial counsel asked the witness whether he had mentioned the threats in his statement to police, and the witness responded he had told a certain police investigator of the threats. Counsel later asked the police investigator whether the witness had mentioned the threats, and the police investigator responded in the negative. At the hearing on the motion for new trial, trial counsel testified that he chose to use the testimony

of the more credible police investigator as the means of impeaching the witness. The manner in which an attorney attacks the credibility of a witness falls within the ambit of trial tactics. *Lawrence v. State*, 274 Ga. 794 (3) (560 SE2d 17) (2002). "In assessing selection of trial tactics, every effort must be made to eliminate the distorting effects of hindsight [and] the court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance as even the best criminal defense attorneys would not defend a particular client the same way." Id.

(b) Appellant maintains that a coercion defense should have been built on his testimony that he did not stop his accomplice from committing the crimes because "he did not want to put himself into a position to be threatened." Trial counsel testified he believed a coercion defense would not be viable because appellant had never taken advantage of the several times he could have fled from his accomplice. During cross-examination, appellant admitted his accomplice had not threatened him with the gun and that he had never walked away from the criminal enterprise, despite having had a number of occasions to do so. An attorney's decision about which defense to present is a question of trial strategy. *Brown v. State*, 237 Ga. App. 231 (2) (517 SE2d 529) (1999).

(c) Appellant testified he gave trial counsel the names of several persons who could testify to appellant's good character in an effort to generate reasonable doubt. Trial counsel testified he had asked appellant to compile such a list of names when it was uncertain whether the State would seek the death penalty. When the State decided not to seek the death penalty, trial counsel decided against using character witnesses because he feared such a presentation would "open the door" to the admission of appellant's prior criminal history and because he did not wish to present evidence and thereby lose the opportunity to present the final closing argument. The preservation of the right to the first and last closing argument, which would be lost upon the presentation of evidence by the defense, is a decision involving trial strategy. *Brown v. State*, 268 Ga. 354 (4) (a) (490 SE2d 75) (1997). Whether to introduce character evidence and potentially open the door for impeachment is clearly one of tactics and strategy. *Nihart v. State*, 227 Ga. App. 272 (1) (c) (488 SE2d 740) (1997).

In light of the evidence presented at the hearing on the motion for new trial, the trial court did not err when it determined that trial strategy was at the root of trial counsel's failure to do what appellate counsel now claims should have been done. Accordingly, we conclude the trial court's rejection of appellant's claim of ineffective assistance of counsel was not clearly erroneous and should be affirmed. Id.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 2, 2003.

*Christopher T. Adams*, for appellant.
*Daniel J. Porter, District Attorney, Thurbert E. Baker, Attorney General, Jennifer S. Gill, Assistant Attorney General*, for appellee.