### A08A2119. HENRY v. THE STATE.

(673 SE2d 120)

PHIPPS, Judge.

Frankie Jay Henry III was convicted of the statutory rape of 12-year-old T. W. Because Henry has shown no merit in his sole contention that the trial court erred in allowing inadmissible evidence, we affirm.

T. W. told her mother that she was pregnant as a result of Henry having physically forced himself upon her, and her mother reported it to the police. T. W. identified Henry to the police as the person who in December 2004 had raped her. About a month after the identification, in August 2005, Henry was interviewed by police. He admitted that he had engaged in sexual intercourse with T. W., claimed it was consensual, denied that he was her baby's father, and consented to DNA testing. After the baby was born, DNA testing showed Henry to be the baby's father. An arrest warrant was processed against Henry.

Indicted for statutory rape,[1] Henry claimed that his confession and consent to DNA testing had not been knowingly and voluntarily given. Thus, the court conducted a *Jackson-Denno* hearing.[2] The chief investigator for the county district attorney's office testified that he, along with a city police detective, had interviewed Henry at the correctional institution where Henry was confined under an unrelated sentence. The investigator recounted that, at the start of the interview, he read Henry his *Miranda* rights.[3] Henry acknowledged such rights in writing, and then agreed to talk. Henry's written acknowledgment of his rights was introduced in evidence. The investigator testified that Henry had not appeared under the influence of any drug or alcohol and that Henry was neither threatened nor promised any benefit. The investigator further testified that he had informed Henry of T. W.'s allegations that he had raped her and fathered her newborn baby. The interview, which lasted about 20 minutes, was recorded with Henry's knowledge, and the audiotape was later admitted in evidence. The trial court found

---

[1] The state also brought charges of child molestation and cruelty to a child, but they were dead docketed.

[2] See *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

[3] See *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

that Henry had been advised of his *Miranda* rights and had made the statements during the interview knowingly and voluntarily. Accordingly, the state's case against Henry included his confession to having engaged in sexual intercourse with T. W. and the DNA test results showing that he was the baby's father.

On appeal, Henry cites *State v. Ritter*[4] in arguing that the confession and test results were inadmissible as having been obtained through trickery and deceit. He asserts that, during the interview, he had no idea that he was being investigated for statutory rape as he was subsequently indicted; that he was under the impression that the police wanted to know whether he had forcibly raped T. W.; and that he had discerned that the police wanted a DNA sample to determine merely whether he was the baby's father, which under some circumstances is not evidence of any crime. In addition, Henry complains that T. W. had lied to him about her age.

The Supreme Court of Georgia held in *Ritter* that, while deceit by an interrogating officer may not on its own render a statement inadmissible, the employment of deceit may render a statement inadmissible where the particular deception used, by constituting a slightest hope of benefit or remotest fear of injury under OCGA § 24-3-50,[5] has induced a party to confess, thereby rendering the confession involuntary. In *Ritter*, the interviewing detective had purposely misrepresented to the defendant that the victim was alive and actively recovering, thereby implicitly promising that the defendant would not be charged with murder.[6] The Court determined that, although the interviewing detective may not have intended to procure an untrue statement, the deception was intended and indeed did induce the defendant to confess in the hope of receiving a lighter punishment for aggravated assault — a confession that would not have been made had the defendant known he was facing a possible death sentence.[7]

Henry's reliance upon *Ritter* is misplaced. Here, the trial court was authorized to find that the interviewing officers had not purposely misrepresented the victim's status.[8] Henry was expressly informed during the interview that T. W. was pregnant and that she

---

[4] 268 Ga. 108 (485 SE2d 492) (1997).

[5] "To make a confession admissible, it must have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury."

[6] *Ritter*, supra at 110 (1).

[7] Id. at 111.

[8] See *Pittman v. State*, 277 Ga. 475, 477-478 (2) (592 SE2d 72) (2004) (finding *Ritter* inapposite, where, among other reasons, no misrepresentations were made about the victim's status); see also *Davis v. State*, 271 Ga. 527, 527-528 (2) (520 SE2d 218) (1999) (finding *Ritter* inapposite, where officers' action did not give defendant any hope of a benefit or fear of an injury).

had alleged that he had raped her. Although forcible rape carries a higher penalty than that for statutory rape,[9] the trial court was authorized to find that no promise, express or implied, was made to Henry that he would face a rape charge only if the investigation revealed he had committed forcible rape. Under Georgia law, "[a] person commits the offense of statutory rape when he or she engages in sexual intercourse with any person under the age of 16 years and not his or her spouse, provided that no conviction shall be had for this offense on the unsupported testimony of the victim."[10] All citizens are presumed to know the law, and ignorance of the law excuses no one.[11] Thus, the fact that Henry may have been ignorant of the statutory rape proscription did not, in and of itself, afford him any basis to claim that the police impermissibly tricked him into incriminating himself.[12] Likewise, his complaint that T. W. deceived him about her age is unavailing. "With regard to statutory rape, the defendant's knowledge of the age of the female is not an essential element of the crime and therefore it is no defense that the accused reasonably believed that the prosecutrix was of the age of consent."[13] Moreover, the principles underlying *Ritter* address "the behavior of the *interrogator*."[14] Henry has thus shown nothing in *Ritter* requiring a ruling contrary to that made by the trial court.[15]

Henry next contends that the trial court erred by not employing the explicit nine-factor analysis enunciated in *Riley v. State*,[16] which the Supreme Court of Georgia has instructed must be applied when a court is faced with determining the voluntariness of juvenile confessions given outside the presence of the juvenile's parents.[17] However, the record shows that Henry was at least 17 years old at the time of the incident and 18 years old at the time of the interview and thus an adult. The Court has repeatedly held that, while some of

---

[9] Compare OCGA § 16-6-1 (b) ("A person convicted of the offense of rape shall be punished by death, by imprisonment for life without parole, by imprisonment for life, or by a split sentence that is a term of imprisonment for not less than 25 years and not exceeding life imprisonment, followed by probation for life.") with OCGA § 16-6-3 (b) (pertinently providing that "a person convicted of the offense of statutory rape shall be punished by imprisonment for not less than one nor more than 20 years").

[10] OCGA § 16-6-3 (a).

[11] OCGA § 1-3-6; *Hameen v. State*, 246 Ga. App. 599, 600 (1) (541 SE2d 668) (2000); *Grisson v. State*, 237 Ga. App. 559, 561 (1) (515 SE2d 857) (1999).

[12] See generally *Taylor v. State*, 233 Ga. App. 221, 222 (1) (504 SE2d 57) (1998).

[13] *Haywood v. State*, 283 Ga. App. 568 (642 SE2d 203) (2007) (citation and punctuation omitted).

[14] *Ritter*, supra at 110 (emphasis supplied).

[15] See *Pittman*, supra; *Davis*, supra.

[16] 237 Ga. 124, 128 (226 SE2d 922) (1976).

[17] *Vergara v. State*, 283 Ga. 175, 177 (1) (657 SE2d 863) (2008); *McDade v. State*, 270 Ga. 654, 656 (3) (513 SE2d 733) (1999).

the nine factors may be relevant in determining whether an adult's confession is voluntary, "the explicit nine-factor analysis set forth in *Riley* . . . applies only to the confessions of juveniles and not to those of adults."[18]

Because Henry was not a juvenile at the time of his statements, the applicable test was whether, "considering the totality of the circumstances, they were made voluntarily, without being induced by hope of benefit or coerced by threats."[19] On appeal, we accept the trial court's findings on disputed facts and witness credibility unless clearly erroneous, but independently apply the legal principles to the facts.[20]

As stated above, Henry has demonstrated no merit in his arguments under *Ritter* and *Riley*. And the investigating detective's account of the interview, which was corroborated by the *Miranda* acknowledgment and the audiotape entered in evidence, authorized the trial court to determine that Henry made a knowing and voluntary waiver of his *Miranda* rights and to reject Henry's claim that his custodial statements and evidence derived therefrom should be suppressed.[21]

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED JANUARY 28, 2009.

*Drummond & Swindle, Jason W. Swindle*, for appellant.
*David McDade, District Attorney, James E. Barker, Assistant District Attorney*, for appellee.

---

[18] *Vergara*, supra at 177-178 (1) (citations omitted); see *McDade*, supra.
[19] *Vergara*, supra at 178 (citation and punctuation omitted).
[20] See id. (where controlling facts are not in dispute, appellate review is de novo).
[21] See id. at 181.